[S. F. No. 7962.   In Bank.—December 14, 1916.]

SOUTHERN PACIFIC COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Railroad—Electric Lineman—Removal of Telephone Wire from Trolley Wire—Electric Railway Constituting Part of Interstate and Intrastate System.—An electric lineman, employed by a railroad, who received personal injuries while engaged in the removal of an overhead telephone wire which had fallen on to the trolley wire used by the railroad for the furnishing of electric power for the operation of its cars on a line of electric railway constituting a part of the railroad's passenger system, both interstate and intrastate, and in constant use as such, was engaged in interstate commerce at the time of the accident, as he was then engaged directly in removing an obstruction to the use of an instrumentality in actual use for purposes of such commerce. The state Industrial Accident Commission has no jurisdiction to make an award for such injury.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Henley C. Booth, and A. L. Clark, for Petitioner.

Christopher M. Bradley, for Respondents.

ANGELLOTTI, C. J.—This is a proceeding to review an award against petitioner made by the Industrial Accident Commission to Jessie Covell, widow of Marcus Victor Covell, on account of the death of the latter by reason of accident arising out of and happening in the course of his employment by petitioner.

At the time of the accident the deceased was employed by petitioner as an electric lineman, and was engaged in the removal of an overhead telephone wire which had fallen from its position down on to the trolley wire used by petitioner for the furnishing of electric power for the operation of its cars on a line of electric railway constituting a part of petition-

er's passenger system, both interstate and intrastate, and in constant use as such. The facts bearing on the question of the status of this line as an instrumentality of interstate commerce are substantially the same, in so far as passenger traffic is concerned, as those in the case of *Southern Pacific Co. v. Industrial Accident Commission* (S. F. No. 7845), *ante*, p. 16, [161 Pac. 1142], decided this day. It was necessary that this telephone wire be removed in order that cars might be operated, as it was impossible to operate cars over the line until such wire had been removed. As is shown by the opinion in *Southern Pacific Co. v. Industrial Accident Commission* (S. F. No. 7818), *ante*, p. 8, [161 Pac. 1139], decided this day, deceased being thus engaged directly in removing an obstruction to the use of an instrumentality in actual use for purposes of interstate commerce was engaged in interstate commerce at the time of the accident. On the authority of the two decisions we have cited it must be held that the commission was without jurisdiction to make the award.

The award of the Industrial Accident Commission is annulled.

Shaw, J., Melvin, J., Sloss, J., Henshaw, J., and Lorigan, J., concurred.

LAWLOR, J., Concurring.—Under the facts shown, the electrician was directly employed in repairing an instrumentality of interstate commerce. I concur in the judgment on that ground.