## Martini *v.* Director General of Railroads, Etc., Appellant.

*Workmen's Compensation Law — Federal Employers' Liability Act—Jurisdiction—Conflict of laws — Railroads—Interstate commerce—Injuries to employees—Question on appeal.*

In the case of an injured workman claiming compensation under the Workmen's Compensation Act of 1915, where the defense is a denial of liability, upon the ground that the injured employee was engaged in interstate commerce, the question of federal jurisdiction is paramount, and if there is an element of interstate commerce in the traffic or employment it determines the remedy. In such a case an appellate court draws its own conclusions from the evidence, to the extent necessary to apply the federal law, without regard to the findings of fact made by the referee and approved by the compensation board.

A ladder track in a freight yard, which was at all times used and available for both interstate and intrastate traffic is an instrumentality of interstate commerce, and a laborer who was injured while repairing it, was engaged in employment, interstate in character, and is not entitled to compensation under the Workmen's Compensation Act of 1915.

Argued October 10, 1921. Appeal, No. 32, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1920, No. 7305, affirming award of Workmen's Compensation Board in the case of Matteo Mar-

tini v. Director General of Railroads, United States Railroad Administration of Philadelphia & Reading Railroad. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Appeal from Workmen's Compensation Board. Before SHOEMAKER, J.

From the record it appeared that the claimant was engaged with others in breaking a rail to be used in repairing a lead or ladder track in the defendant's (appellant's) railroad yard at Erie Avenue, Philadelphia. Claimant had tried to break the rail with a sledge hammer without success, and having given the hammer to another, was struck in the eye by a piece of steel which flew from under a blow of the hammer. The injury resulted in loss of sight of the eye.

The court dismissed the appeal and entered judgment affirming the award of the Workmen's Compensation Board. Defendant appealed.

*Errors assigned* were the decree of the court and dismissing the defendant's exceptions.

*George Gowen Parry,* and with him *Charlemagne T. Wolfe,* for appellant.—A track laborer is engaged in interstate commerce while making repairs to a track over which constantly pass cars in the course of interstate commerce: Pedersen v. D., L. & W. Ry. Co., 229 U. S. 146; N. Y. C. R. R. v. Porter, 249 U. S. 168; N. Y. C. R. R. v. Winfield, 244 U. S. 147.

*Harry A. Gorson,* and with him *John J. McDevitt, Jr.,* for appellee.—One employed in an ordinary yard about local and yard operations is not engaged in interstate commerce: Murray v. P. C. C. & St. L. R. R., 263 Pa. 398; Reynolds v. P. & R., 266 Pa. 400; C. B. & Q. R. R. v. Harrington, 241 U. S. 147.

OPINION BY LINN, J., November 21, 1921:

This appeal challenges an award by the Workmen's Compensation Board affirmed by the court below. The appellee was injured and filed a claim for compensation under the state law. The appellant filed an answer denying liability in this action upon the ground that at the time of the injury both parties were engaged in interstate commerce. The case was heard by a referee who awarded compensation; his conclusion was approved by the Workmen's Compensation Board, whose action was affirmed by the common pleas.

The evidence is clear that appellee was injured in the course of his employment. The dispute is whether the employment was intrastate or interstate under the Federal Employers' Liability Act; if the employment was interstate, appellee should have sought redress under the federal statute instead of under the state statute. The character of such employment—whether interstate or intrastate—is a matter of law: Ry. Co. v. Hancock, 253 U. S. 284; Ry. Co. v. Di Donato, 253 U. S. 480, (41 Sup. Ct. Rep. 516). As it is a question of the paramount federal law, we are not bound by the findings of fact made by the referee and approved by the board, but must make our own deductions from the evidence. In Ry. Co. v. Polk, 253 U. S. 480, (41 Sup. Ct. Rep. 518) the court said: "It is to be remembered that it is the declaration of the cases that if there is an element of interstate commerce in a traffic or employment it determines the remedy of the employee." Was there an element of interstate commerce in this employment? The referee reported that he "found as a fact that the defense of interstate commerce had not been proven." The compensation board agreed. The court below reached substantially the same conclusion by different inferences from the evidence. The referee reported that defendant "without proving it, assumed as a fact that the particular ladder track on which the claimant was working was a certain track which undoubtedly was used in the han-

dling of interstate commerce. There was no competent testimony, however, to identify this particular ladder track on which the claimant was injured. The testimony indicated that there were a number of these tracks and that some of them were used in interstate commerce and some others were used exclusively in intrastate commerce." The court below said, "The claimant, at the time of the injury, was working on a ladder track, which had been used, at some indefinite time prior to the accident, in the handling of both interstate and intrastate commerce," and concluded, "As the defendant in this case failed to show that the track being repaired at the time of the accident was to be used for interstate commerce, or intended thereafter to be, the claimant is entitled to the award made to him." We shall now quote the evidence for the purpose of applying the test stated from Ry. Co. v. Polk. Three witnesses were called: the claimant, his foreman and the yardmaster of the Erie Avenue yard. Claimant testified that he was injured while employed as a laborer "about Fifth and Erie Avenue," "on one of the tracks of the Philadelphia and Reading Railway Company." Claimant's foreman, Donaducci, testified that he was present when the accident took place and saw it; they were working "in the Erie Avenue yard"; claimant's fellow workmen were breaking a rail with a hammer when a piece of steel flew from it and struck claimant, causing injury. He testified that the purpose of breaking the rail was to use it for repairing "the east track," "a ladder track" in this yard, and that claimant "was engaged in repairing this track." Hoffman, the yardmaster, testified that he was familiar with the track concerning which Donaducci testified, describing its location and use. He also testified as follows:

"Q. Do cars from out of the state pass over this track?

"A. Coming in and going out on all of these tracks all the time, we never allow the ladder tracks to become blocked as that would interfere with the traffic, the cars

come down the main track which is the ladder track and then they are switched off to other tracks which run off these ladder tracks, and we have to keep these leads clear to allow the cars to go out and come in.

"Q. Do you make up trains for points out of the state?

"A. Yes sir, trains come in there to be shipped out, this Erie ave. yard is where we classify the cars and put them into trains to be sent out all over the United States, we classify them there.

"Q. Do any of these cars from outside of the state come in over this track he was working on?

"A. Most all of it comes and goes over these ladder tracks.

"Q. Are you acquainted with the spot where this accident occurred?

"A. No, I was not there at the time it happened, from what he told me it was on the lead that leads to No. 6 east dirt.

"Q. Do cars come and go over this track that he was working on, to and from points outside of the state?

"A. Yes, sir.

"By the Referee:

"Q. How many ladder tracks are there in the Erie ave. yard?

"A. Three.

"Q. Do all these ladder tracks lead to sidings?

"A. Yes sir, that yard is used for storing cars, making up trains to be sent out.

"Q. Do you have certain sidings for certain trains?

"A. Yes, sir.

"Q. Do you have sidings for cars out of the state and for cars that are designated for points within the state?

"A. Yes, sir.

"Q. Which sidings for instance are used for New York cars?

"A. East yard.

"Q. You have certain tracks for certain cars?

"A. Yes sir, the track he was working on we use for what we call the Lehigh Valley and Bethlehem traffic, and No. 7 track is used for cars for Jersey City and Bound Brook and the other track No. 9, that is used for classifying cars into trains in station order before sending them out on the road."

From that evidence we must conclude that appellant was repairing a ladder track in the freight yard; that there were but three ladder tracks in the yard, and that all three were at all times used and available for both interstate and intrastate traffic. The track which he was repairing was therefore an instrumentality for interstate commerce, and claimant's employment while repairing it as described in the evidence was interstate in character: Pedersen v. R. R. Co., 229 U. S. 146; Ry. Co. v. Di Donato, 253 U. S. 480, (41 Sup. Ct. Rep. 516); Zimmerman v. W. U. Tel. Co., 77 Pa. Sup. Ct. 127. As the federal law is paramount to the state law on the subject, he misconceived his remedy.

The judgment is reversed and the record is remitted to the court below for further proceedings consistent with this opinion.

*Workmen's Compensation Law — Federal Employers' Liability Act—Jurisdiction—Conflict of laws—Railroads — Interstate commerce—Intrastate train—Death of employee—Burden of proof—Question on appeal.*