### Del Signore et ux., Appellant, *v.* Vulcan Detinning Company et al.

Argued April 24, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Laurence J. A. Purposa,* for appellant.

*Murray J. Jordan,* and with him *Fred J. Jordan,* for appellee.

Opinion by Keller, J., July 14, 1933:

Concenzio Del Signore, a minor, nineteen and a half years old, was accidentally killed on January 11, 1930, in the course of his employment with the Vulcan Detinning Co. His parents, Fiore and Ierene Del Signore, presented a claim for compensation as dependent parents. The referee and, on appeal, the Workmen's Compensation Board awarded compensation to the father. It was denied the mother because she was

an alien, she having admitted that she had never lived in this country and had no intention of coming here. The lower court reversed the board and denied compensation to the father on the ground that there was not sufficient evidence to overcome the presumption, hereinafter referred to, that he had ceased to be an American citizen.

. Section 310, (p. 746), of the Workmen's Compensation Act specifically provides that alien parents not residents of the United States shall not be entitled to any compensation.

It is undisputed that Fiore Del Signore came to this country from Italy and was naturalized in Mahoning County, Ohio, on October 18, 1902. He returned to Italy a number of times, for he and his wife had five children, all of whom were born in Italy between the date of his naturalization in 1902 and the death of his son, Concenzio, in 1930; and his wife never lived here; nor did the children, except Concenzio, who came to America in 1927. In the year 1926 Fiore Del Signore returned to Italy and has resided there since.

The Act of Congress of March 2, 1907, chapter 2534, 34 Statutes-at-Large 1229, U. S. Code, title 8, sec. 17, provides: "When any naturalized citizen shall have resided for two years in the foreign State from which he came, or for five years in any other foreign State it shall be presumed that he has ceased to be an American citizen, and the place of his general abode shall be deemed his place of residence during said year. Such presumption may be overcome on the presentation of satisfactory evidence to a diplomatic or consular officer of the United States, under such rules and regulations as the Department of State may prescribe. Duplicates of any evidence, registration, or other acts required by this section shall be filed with the Department of State for record." This language, as to

the presumption arising from a naturalized citizen returning to the land from which he came and residing there two years, is very plain. We see no reason why it should be construed so as to restrict the meaning thus clearly expressed.

The undisputed testimony being that Fiore Del Signore, at the time of his son's death, had resided for more than two years in the foreign state from which he came, the presumption arose that he had ceased to be an American citizen and that the place of his general abode should be deemed his place of residence. The point at issue is whether there was evidence in the case to overcome this presumption. The only evidence produced on behalf of the claimant himself was the following question and answer taken under letters rogatory: "4. Of what country are you a citizen? Answer. Italy, but I was naturalized by the Mahoning County Court since October 18, 1902, I came back." On cross-examination, he testified as follows: "7. Are you a citizen of Italy? Answer. I am Italian citizen, but I was naturalized American citizen by the Court of Mahoning County since October 18, 1902. In the year 1926 I returned, definitely to Italy ...... 10. Do you intend to return to the United States? Answer. I do intend to return to the United States." An examination of the original answers in the letters rogatory shows that the phrase rendered by the translator as, "I came back" in the answer to the fourth interrogatory was almost precisely the same phrase as was rendered by the same translator in the answer to the seventh cross-interrogatory as, "In the year 1926 I returned definitely to Italy." In the answer to the fourth interrogatory it read: "Tornai definitivamente in Italia nel 1926," while in the answer to the seventh cross-interrogatory it read: "Nel 1926 tornai definitivamente in Italia." It would seem that the translation

in the cross-interrogatory is the correct one, except that 'definitely' should probably read 'definitively,' which is a little stronger. His statement that he had definitely, or definitively, returned to Italy in 1926, was thus not a chance slip, but a deliberate expression of what he intended to say.

The referee and the board were under the impression that, because in answer to the tenth cross-interrogatory the claimant stated "I do intend to return to the United States," the presumption that he had ceased to be an American citizen was overcome. The question at issue was not his present intention of returning, but what was his intention as to his citizenship during all the time that elapsed between his return to Italy in 1926 and his son's death in 1930: Nurge v. Miller, 286 Fed. 982, 984; Banning v. Penrose, 255 Fed. 159, 161. If, during the two years following his definitive return to Italy in 1926, he had no intention of retaining his American citizenship and of returning to the United States and remaining here permanently, (Miller v. Sinjen, 289 Fed. 388, 393), then the fact that, after the death of his son, for the purposes of this case, he might intend to return to America would have no weight or bearing. The record is absolutely bare of any evidence of an intention on his part, during the years 1926 to 1930, to retain his American citizenship or to return to America and reside here permanently. On the contrary, he, his wife and all his children, except Concenzio, who came to America in 1927, lived together in Italy in the family relationship, in a home owned by the husband and wife. While the presumption that he had lost his citizenship could be rebutted, (United States v. Howe, 231 Fed. 546), the burden was on the claimant to show such facts and circumstances as would overcome the presumption, (Nurge v. Miller, supra, p. 984; Miller v. Sinjen, supra, p. 393) and the mere fact that, after

definitively returning to Italy and living there for five years, he now expresses an intention at some time in the future to return to America—without, however, saying that he expects to reside here permanently—is not sufficient to overcome the presumption established by the act of 1907.

The case is easily distinguishable from those relied on by the appellant (United States v. Gay, 264 U. S. 353; Banning v. Penrose, supra; Nurge v. Miller, supra; Miller v. Sinjen, supra, and the like). As was said by the court below, in those cases there was proof that the naturalized citizen had not abandoned his American citizenship nor undertaken again the obligations of a citizen of his native land, and in addition there was affirmative evidence of an intention on his part to return to the United States and reside here permanently, and in some cases additional circumstances, such as the possession of real estate in the United States and the care thereof by agents on his behalf, and his actual return to the United States to look after his property. In none of them was the evidence of an intention to retain his American citizenship and to return to this country and reside here as meager or wholly wanting as in this case.

The question involved was not a pure question of fact. It was one involving law as well as fact and hence was reviewable by the court of common pleas as well as this court. Even where the question is wholly one of fact, the courts inquire whether there is evidence to sustain the finding. Questions arising under the Workmen's Compensation Law which involve the construction and interpretation of federal statutes are reviewable by the courts: Martini v. Director General of Railroads, 77 Pa. Superior Ct. 529, 531.

The assignments of error are overruled and the judgment of the lower court is affirmed.