# PHILADELPHIA, BALTIMORE & WASHINGTON RAILROAD COMPANY *v.* SMITH.

## CERTIORARI TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

### No. 472. Argued April 15, 1919.—Decided May 19, 1919.

An employee of an interstate railroad whose duties were to cook the meals, make the beds, etc., for a gang of bridge carpenters, in a camp car which was provided and moved from place to place along the railroad line to facilitate their work in repairing the bridges, and who, at the time of his injury, was within the car, on a side-track, and occupied in cooking a meal for the carpenters and himself while they were repairing one of the bridges in the vicinity, *held*, engaged in interstate commerce, within the meaning of the Federal Employers' Liability Act.

132 Maryland, 345, affirmed.

THE case is stated in the opinion.

*Mr. Frederic D. McKenney,* with whom *Mr. John Spalding Flannery* was on the briefs, for petitioner.

*Mr. T. Alan Goldsborough* for respondent.

MR. JUSTICE PITNEY delivered the opinion of the court.

Respondent brought his action in a state court of Maryland under the provisions of the Federal Employers' Liability Act of April 22, 1908, as amended April 5, 1910 (c. 149, 35 Stat. 65; c. 143, 36 Stat. 291), to recover damages for personal injuries sustained by him upon one of petitioner's lines of railroad in the State of Maryland over which petitioner was engaged in transporting interstate as well as intrastate commerce.

Plaintiff was employed by defendant in connection with a gang of bridge carpenters, who were employed by defendant in the repair of the bridges and bridge abutments upon said line of railway. The gang, including plaintiff, worked over the entire line, and were moved from point to point as the repair work required in what was called a "camp car," furnished and moved by defendant, in which they ate, slept, and lived. Plaintiff's principal duties were to take care of this car, keep it clean, attend to the beds, and prepare and cook the meals for himself and the other members of the gang. On December 23, 1915, the bridge carpenters were engaged in repairing a bridge abutment on defendant's line near Easton, Maryland, and the camp car was on defendant's side-track at Easton; and while plaintiff was in the car, engaged in cooking a meal for the bridge carpenters and himself, the engineer of one of defendant's trains, without warning, ran the engine upon the side-track and against a car to which the camp car was coupled with such force that plaintiff received injuries, to recover for which his action is brought.

A judgment in plaintiff's favor was affirmed by the Maryland Court of Appeals (132 Maryland, 345), and the case comes here on a writ of certiorari.

The only question we have to consider is whether plaintiff at the time he was injured was engaged in interstate commerce within the meaning of the statute. Petitioner, citing *Illinois Central R. R. Co.* v. *Behrens,* 233 U. S. 473, 478, and *Erie R. R. Co.* v. *Welsh,* 242 U. S. 303, 306, as conclusive to the effect that the true test is the nature of the work being done by the employee at the time of the injury, and that what he had been doing before and expected to do afterwards is of no consequence, argues that since plaintiff at the time of the injury and for some weeks prior thereto was and had been working as mess cook and camp cleaner or attendant for a gang of bridge carpenters who were quartered "for their own convenience"

in a camp car belonging to petitioner, which was not being moved in interstate commerce, but was located and standing on a switch track in the neighborhood of the bridge upon which the carpenters then were and for some weeks prior thereto had been and for some time afterwards were working; and since plaintiff at the moment of the injury was engaged in cooking food which was the property of himself and the carpenters, he was not at the time engaged in interstate commerce.

As thus stated, the relation of plaintiff's work to the interstate commerce of his employer would seem to be rather remote. But upon a closer examination of the facts the contrary will appear. Taking it to be settled by the decision of this court in *Pedersen* v. *Delaware, Lackawanna & Western R. R. Co.*, 229 U. S. 146, 152, that the repair of bridges in use as instrumentalities of interstate commerce is so closely related to such commerce as to be in practice and in legal contemplation a part of it, it of course is evident that the work of the bridge carpenters in the present case was so closely related to defendant's interstate commerce as to be in effect a part of it. The next question is, what was plaintiff's relation to the work of the bridge carpenters? It may be freely conceded that if he had been acting as cook and camp cleaner or attendant merely for the personal convenience of the bridge carpenters, and without regard to the conduct of their work, he could not properly have been deemed to be in any sense a participant in their work. But the fact was otherwise. He was employed in a camp car which belonged to the railroad company, and was moved about from place to place along its line according to the exigencies of the work of the bridge carpenters, no doubt with the object and certainly with the necessary effect of forwarding their work, by permitting them to conduct it conveniently at points remote from their homes and remote from towns where proper board and lodging were to be had.

The circumstance that the risks of personal injury to which plaintiff was subjected were similar to those that attended the work of train employees generally and of the bridge workers themselves when off duty, while not without significance, is of little moment. The significant thing, in our opinion, is that he was employed by defendant to assist, and actually was assisting, the work of the bridge carpenters by keeping their bed and board close to their place of work, thus rendering it easier for defendant to maintain a proper organization of the bridge gang and forwarding their work by reducing the time lost in going to and from their meals and their lodging place. If, instead, he had brought their meals to them daily at the bridge upon which they happened to be working, it hardly would be questioned that his work in so doing was a part of theirs. What he was in fact doing was the same in kind, and did not differ materially in degree. Hence he was employed, as they were, in interstate commerce, within the meaning of the Employers' Liability Act.

*Judgment affirmed.*