## BISHOP v. DELANO et al.

(Circuit Court of Appeals, Seventh Circuit. March 30, 1920.)

No. 2678.

Commerce ⊜27(5)—Railroad employé held not engaged in "interstate commerce" when injured.

A member of a train crew, whose run was from a point in another state to Chicago and return but which had 8 hours off duty in Chicago and returned with a different train, who was killed during such 8-hour period while sleeping in the caboose, which was being transferred from one point to another in the Chicago yards, held not employed at the time in "interstate commerce," within the meaning of Employers' Liability Act April 22, 1908, § 1 (Comp. St. § 8657).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

In Error to the District Court of the United States for Eastern Division of the Northern District of Illinois.

Action by James F. Bishop, administrator of the estate of Orville Bordner, deceased, against Frederick A. Delano, William K. Bixby, and Edward B. Pryor, receivers of the Wabash Railroad Company. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 234 Fed. 9, 148 C. C. A. 25.

James D. Power, of Chicago, Ill., for plaintiff in error.
William S. Hay, of Chicago, Ill., for defendants in error.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge. At the first trial in the District Court, plaintiff in error had a verdict and judgment in his favor. On writ of error this court reversed the judgment and ordered a new trial. Pryor v. Bishop, 234 Fed. 9, 148 C. C. A. 25.

At the second trial the evidence consisted of the transcript of the

stenographic report of the testimony given at the first trial. Judgment on a directed verdict for defendant is now attacked on a second writ.

In connection with the first writ a bill of exceptions was presented, which consisted of a condensed statement of the evidence. The facts in that bill are fully stated in our former opinion. With the present writ appears a new bill of exceptions which contains a somewhat fuller recital of the testimony. The difference, which is urged as material, is that Myers, conductor of the crew of which Bordner was a member, is now shown to have testified that the crew's "run was from Montpelier to Chicago and return," and it is sought from this to have us hold that Bordner was engaged in interstate commerce while he was asleep in the caboose which was being transferred from one point to another in the Chicago yards. But other parts of Myers's testimony agrees with all the rest that the "run from Montpelier to Chicago and return" was not an unbroken period of service; that the crew operated one freight train from Montpelier into Chicago, and an entirely different train on the return part of the run; and that the members of the crew were entitled to have and in fact always did have a period between the separate parts of the round trip of at least eight hours' rest, during which they were the masters of their own time and actions.

Though the defendant knew that Bordner, if he chose, might stay in the caboose during his free period, his doing so was not a requirement of his service. We see no larger ground of liability than if the defendant had permitted Bordner during his time of nonservice to sleep in a station building, and he had there been killed through the negligence of defendant's servants.

Plaintiff in error calls our attention particularly to Erie Rld. Co. v. Winfield, 244 U. S. 170, 37 Sup. Ct. 556, 61 L. Ed. 1057, Ann. Cas. 1918B, 662, and Philadelphia, B. & W. Rld. Co. v. Smith, 250 U. S. 101, 39 Sup. Ct. 396, 63 L. Ed. 869, decided since we gave our former opinion; but we find in them nothing to militate against our decision.

Indeed, even if Bordner, having been discharged from his interstate run between Montpelier and Chicago, had been engaged in moving the caboose from one point to another in the Chicago yards, so that the caboose might the following day be attached to an outgoing interstate train on which he was expecting to be called into service, he would not have been engaged in interstate service. Chicago, B. & O. Rld. Co. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941, also decided since our former decision.

The judgment is affirmed.