## LOUISIANA RY. & NAV. CO. v. WILLIAMS.

(Circuit Court of Appeals, Fifth Circuit. April 26, 1921.)

No. 3666.

1. **Trial ⚿420—Refusal to direct verdict cannot be complained of, when defendant afterwards introduces testimony.**

   Error cannot be assigned on the refusal to direct a verdict at the close of plaintiff's testimony, where defendant introduced testimony after such refusal.

2. **Trial ⚿69—Permitting reopening of testimony after motion to direct verdict held discretionary.**

   Permitting plaintiff to reopen his testimony after defendant had moved for a directed verdict at the conclusion of plaintiff's testimony was entirely in the discretion of the court, and not error, where defendant was not prejudiced.

3. **Commerce ⚿27(8)—Roadmaster, supervising keeping of track in repair, employed in "interstate commerce."**

   Where a railway roadmaster, engaged in taking an inventory of materials on the property of the road, all of which was in one state, was also engaged in supervising the keeping in repair of a track, engaged in interstate commerce, he was employed in "interstate commerce."

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

4. **Trial ⚿260(1)—Refusal of charge not error, when covered by charge given.**

   The failure to give a requested charge, even if otherwise unobjectionable, was not error, where it was fully covered by the charge given.

5. **Appeal and error ⚿977(3)—New trial ⚿6—Grant rests in court's discretion and cannot be assigned as error.**

   The grant of a new trial rests in the discretion of the court, and the overruling of a motion therefor cannot be assigned as error.

In Error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Action by R. E. Williams against the Louisiana Railway & Navigation Company. Judgment for plaintiff, and defendant brings error. Affirmed.

E. H. Randolph, of Shreveport, La., for plaintiff in error.

S. P. Jones, of Marshall, Tex., and W. P. Hall, of Shreveport, La., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. R. E. Williams was the roadmaster of the Louisiana Railway & Navigation Company (hereinafter styled the railway), a common carrier engaged in interstate commerce. His duties required him, among other things, to supervise the keeping in repair of the track of said railway for use in interstate commerce. While engaged in his duties as such roadmaster in supervising said work, and also at the same time in making an inventory of the property and material on said right of way, traveling upon a hand car furnished him by said railway for use in connection with his work, the hand car was derailed by plank which had been placed by certain persons between

the rails at a private crossing in order to enable them to haul with teams over said crossing. Williams was thrown from the hand car by its derailment; one of his legs was broken, and finally amputated between the ankle and knee. He brought suit under the federal employers' liability statute. 35 Stat. 65, c. 149 (Comp. Sts. 8657). The jury returned a verdict for the plaintiff for $13,750. Upon plaintiff agreeing that judgment be entered for the sum of $12,000, a motion for a new trial was denied and judgment for $12,000 was entered in his favor.

At the conclusion of the testimony for the plaintiff a motion was made to direct a verdict for the defendant, on the ground that plaintiff's testimony showed he was not engaged in interstate commerce at the time he was injured. The court thereupon permitted plaintiff to reopen his case, and plaintiff thereupon testified that at the time of his injury he was engaged in his duties of supervision of the construction and repair forces on said road as roadmaster, and was discharging such duties at the same time when making said inventory.

The errors assigned are: (1) The refusal to direct a verdict for the defendant at the close of plaintiff's testimony. (2) Allowing plaintiff to reopen his case and testify further as to the nature of his employment at the time of the accident. (3) The refusal to direct a verdict for the defendant at the close of the entire testimony. (4) The refusal to give in charge a request of the defendant. (5) The refusal to grant a new trial.

[1] 1. The defendant having introduced testimony after the refusal of the court to direct a verdict at the close of the plaintiff's testimony, no error can be now assigned to such refusal. Chicago, R. I. & P. Ry. Co. v. Stephens, 218 Fed. 535, 542, 134 C. C. A. 263; International Lumber Co. v. United States, 231 Fed. 873, 875, 146 C. C. A. 69.

[2] 2. The matter of reopening the testimony was entirely in the discretion of the court. The defendant had not offered any testimony at the time, and it is not shown that he was in any wise prejudiced by the reopening of the case. We therefore find no error in this action of the court.

[3] 3. The court did not err in refusing to direct a verdict for the defendant at the conclusion of the entire testimony, on the ground that the evidence showed, without conflict, that at the time of the accident Williams was not engaged in interstate commerce, but in the exclusive business of taking an inventory of materials lying on the property of the road, all of which is in the state of Louisiana. Even if it be conceded that, had Williams been exclusively engaged in taking such inventory, he would not have been employed in interstate commerce, in our opinion, the work of Williams as roadmaster, in supervising the keeping in repair of said track of said railway engaged in interstate commerce, constituted an employment by such carrier in interstate commerce. Under the testimony of the plaintiff, which was not contradicted, he was such an employee at the time of his injury, and was so occupied. Pedersen v. D., L. & W. Ry. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; Southern Ry. Co. v. Puckett, 244 U. S. 571, 37 Sup. Ct. 703, 61 L. Ed. 1321, Ann. Cas. 1918B, 69; Le-

high Valley R. R. Co. v. Barlow, 244 U. S. 183, 37 Sup. Ct. 515, 61 L. Ed. 1070; New York Cent. R. R. Co. v. Porter, 249 U. S. 168, 39 Sup. Ct. 188, 63 L. Ed. 536; Phila., B. & W. R. R. Co. v. Smith, 250 U. S. 101, 39 Sup. Ct. 396, 63 L. Ed. 869.

The testimony showed, without practical contradiction, that the hand car was derailed by the plank in question being too near the rail, so that it caused the flange of the wheel of the hand car to ride the rail and leave the track. There was testimony that it was the duty of the section foreman, if said plank had been in such position for a length of time sufficient to enable him to discover its location, to have removed the same and that a failure to so remove it would be negligence. While there was a conflict in the testimony as to whether such plank had been so placed for as long as a week before the accident, or had been put there only a few hours before the same, there was sufficient evidence to warrant the jury in concluding it had been so placed for as much as a week, and there was no substantial contention but that the same should have been discovered by the section foreman, if so placed for as long as a week, and that it constituted a dangerous situation.

The charge of the court fairly submitted to the jury this question, and whether the section foreman was negligent in not discovering and removing the same, also if the plaintiff was guilty of contributory negligence in not seeing the obstruction and avoiding the same, and instructed the jury that if such contributory negligence was the proximate cause of the accident he could not recover. The court also fairly submitted to the jury their duty to diminish the amount of damages awarded, if they found such contributory negligence existed on the part of the plaintiff, even if they found that the proximate cause of the accident was the negligence of the defendant company through its section foreman.

[4] 4. We think the charge of the court fully covered all the issues, including the charge requested, the refusal to give which is the fourth assignment of error in this case, and that a failure to give such request, even if otherwise unobjectionable, was not error. Texas & Pacific Ry. Co. v. Watson, 190 U. S. 287, 293, 23 Sup. Ct. 681, 47 L. Ed. 1057; Central Iron & Coal Co. v. Massey (C. C. A.) 268 Fed. 300, 304.

[5] 5. The grant of a new trial rests in the discretion of the court, and the overruling of such motion cannot be assigned as error. Pickett v. U. S., 216 U. S. 456, 461, 30 Sup. Ct. 265, 54 L. Ed. 566; Holmgren v. U. S., 217 U. S. 509, 521, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas 778.

The judgment of the District Court is affirmed.