## FRANK PARAS v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

### November 4, 1921.

### No. 22,459.

**Derailment of track motor car — finding of negligence sustained.**

1. Plaintiff was injured when a track motor car on which he was riding was derailed. The evidence sustains a finding that the operator of the car was negligent and that plaintiff was free from contributory negligence.

**Cook in search of supplies within his line of duty.**

2. Plaintiff was a cook hired and paid by defendant to cook and obtain supplies for a crew of track men. The men paid the cost of the supplies obtained. *Held*, that the evidence sustains a finding that plaintiff was in the course of his employment while going to a nearby town for the purpose of procuring necessary supplies, and that the use of the motor car to transport him was an authorized use.

Action in the district court for Ramsey county to recover $5,000 for injuries received while in the employ of defendant. The answer specifically denied that plaintiff was injured while engaged in interstate commerce and denied that at the time he was performing any service for defendant. The case was tried before Haupt, J., who at the close of the testimony denied defendant's motion for a directed verdict on the ground that no cause of action had been shown, and a jury which

[1]Reported in 184 N. W. 971.

returned a verdict for $750. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Briggs, Weyl & Briggs,* for appellant.

*Barton & Kinkead,* for respondent.

HALLAM, J.

1. Plaintiff was in the employ of defendant as laborer, and was assigned to a crew doing track work along the line of defendant's road. There were about 60 men in the crew in charge of a foreman. The company assigned to them 10 bunk cars in which they lived and slept and two cook cars in which their meals were prepared. The custom was for the foreman to select cooks from among the men, and, if none of them were qualified to cook, he might hire "another cook from the town." The cook was paid by the defendant the same wages as the other men, and it was his duty not only to cook for the men, but to buy the supplies. The company did not furnish either supplies, dishes or utensils. To cover the cost of these each man contributed his share. The custom was to purchase some supplies in Saint Paul, but it was necessary to purchase part of what was needed at towns along the way. In January, 1920, the crew was located at Eden, Minnesota, a small town on defendant's road. They wanted supplies which were not procurable there and the nearest town at which they might be procured was Dodge Center, eight miles away. The foreman picked out three men from the gang and plaintiff, who was one of the cooks, and together with these men started for Dodge Center on a motor car. This motor car was similar to a hand-car, except that it was operated by power. It belonged to the company and had been furnished some time before and the foreman and men were accustomed to use it for the purpose of procuring supplies when needed. The car was operated part of the way by the foreman and part of the way by one of the men under his authority. During the progress of the trip the car ran into an open switch and plaintiff was injured. There was a semaphore which indicated that the switch was open but the operator of the car paid no at-

tention to the semaphore. This action was brought to recover damages. Plaintiff had a verdict and defendant appeals.

The operator of the car was an employe of defendant and he was guilty of negligence in the operation of the car. As to these propositions there is no room for doubt.

Plaintiff was riding on the front seat of the car and it is argued that he was guilty of contributory negligence. Had the jury so found such a finding would have been sustained, but we are of the opinion that his contributory negligence was not established as a matter of law.

2. The principal question in the case is whether defendant is answerable for the negligence of the operator of the car.

Defendant contends that these men were not in the course of their employment, but were on an errand personal to themselves and that therefore defendant is not answerable. The jury found against defendant on this proposition, and in our opinion their finding is sustained by the evidence. Plaintiff was within the course of his employment. He was procuring supplies, a duty which was imposed upon him by the defendant and for which he was paid by the defendant. The fact that the men contributed to the cost of the supplies is not inconsistent with the fact that the relation of employer and employe subsisted between plaintiff and defendant. Philadelphia, B. & W. R. Co. v. Smith, 132 Md. 345, 103 Atl. 945, 10 A.L.R. 1175; Philadelphia, B. & W. R. R. Co. v. Smith, 250 U. S. 101, 39 Sup. Ct. 396, 63 L. ed. 869.

Defendant further contends that the use of the motor car for the purpose of procuring supplies was unauthorized. It appears that the motor car was placed in the hands of the foreman without particular directions as to the purpose for which it should be used. He was never told not to use it for that purpose. He had habitually used it for that purpose, and, while the knowledge of this fact by his superior officers was not affirmatively shown, we think it may be implied from the extended use.

Judgment affirmed.