### No. 10,830.

### FREEMAN, ET AL., RECEIVERS, *v.* GROVE.

Decided June 2, 1924. Rehearing denied July 7, 1924.

Action for personal injuries. Judgment for plaintiff.

### *Affirmed.*

1. COMMERCE—*Interstate—Railroads—Personal Injuries.* A railway section foreman was injured while throwing coal from a moving train for use in the company's section house. Under the facts of the case, it is held that he was injured while employed in interstate commerce, and that recovery could be had under the federal statutes.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. MILTON SMITH, Mr. CHARLES R. BROCK, Mr. ELMER
L. BROCK, Mr. JOHN P. AKOLT, for plaintiffs in error.

Mr. GEORGE ALLAN SMITH, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties hereto appeared in reverse order in the
trial court and are hereinafter designated as there. Plain-
tiff, a section foreman on defendants' road, in attempting
to alight from a moving train, received injuries which ne-
cessitated the amputation of his leg.   He brought this
action to recover damages for that injury.   The jury re-
turned a verdict in his favor for $6,000, and to review the
judgment thereupon entered defendants prosecute this
writ.

The headquarters of plaintiff and his gang was at Spruce
Station at an altitude of more than nine thousand feet.   The
accident occurred early in February, 1921.   Spruce Sta-
tion is merely a section house.   There is no settlement
there and there are no other buildings at that place.   It is
remote from any such.   The weather was stormy and bit-
terly cold, and the constant activity of the section gang was
necessary to keep the road open.   It was the duty of the
railroad company to furnish coal for this section house, not
only to cook food for the men but to prevent them from
freezing.   Without such a supply of coal their labors must
have instantly ceased and the line have been blocked.   The
company permitted this station to run out of coal and
plaintiff was directed to procure a temporary supply from
a passing train, throwing off the coal while the train was
in motion.   He had just completed that work at the time
of his injury.   This was the second trial and a more de-
tailed statement of the facts is to be found in the opinion
in *Grove v. Freeman,* 73 Colo. 342, 215 Pac. 873, the same
case, then before us on writ of error to review the first
judgment which was entered in favor of the receivers on
their motion to take it from the jury.

The sole question before us is whether the case is governed by the federal act or by the state law. The federal act adopts the theory of comparative negligence, whereas under the state law contributory negligence, if established, constitutes an absolute defense. The trial court instructed under the federal act. It is conceded that if the cause comes under that act the instructions were correct; if under the state law they were erroneous. To determine this question we must ascertain whether Grove, at the time of his injury, was employed in interstate commerce. If so the judgment must stand. If not it must be set aside.

"The true test of employment in such commerce in the sense intended is, was the employee at the time of the injury engaged in interstate transportation or on work so closely related to it as to be practically a part of it?" *C., B. & Q. R. R. Co. v. Harrington,* 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941.

It is conceded that the track work in which plaintiff and his crew were engaged at Spruce Station was interstate commerce within the meaning of the federal act. We have then to determine whether the procuring of this coal to cook their meals and protect them from the inclemencies of the weather was so closely related to that work as to be practically a part of it. A number of authorities are cited by defendants and discussed in their brief holding that the procuring of coal to supply a railroad company engaged in interstate commerce is not a part of that commerce. In our opinion these are not in point. The coal here in question was not being procured to supply the company, or coal its engines, but to make possible the immediate life and activity of employees engaged in interstate traffic. Defendants ask, "If this case is governed by the federal act where is the line to be drawn?" That question we are not called upon to answer. From an examination of the numerous authorities on this subject it is apparent that the line between interstate and intrastate traffic is ofen so fine as to be almost indistinguishable, and generally speaking each case must rest upon its own facts. No case

squarely in point has been cited by counsel or found by us. The value of those brought to our attention is largely dependent on the similarity of their facts. But one of these comes close enough in that particular to the instant case to furnish any real guide. From it we obtain that application of the rule which must control the disposition of the case at bar. It was decided by the Supreme Court of the United States May 19, 1919, and seems to be the latest pronouncement of that tribunal on the subject under consideration. The plaintiff there was a mess cook and camp cleaner for a gang of bridge carpenters, quartered in a car belonging to the company and being moved from place to place as their work demanded. The cook car was standing on a switch track near the bridge upon which the carpenters were then at work. The plaintiff was at the time engaged in cooking food therein for the bridge gang. While so engaged one of defendant's engines ran upon the switch track, struck the car and injured the plaintiff. The court held that plaintiff was employed to assist, and actually assisting, the work of the bridge carpenters by keeping their bed and board close to their place of work and forwarding their work by reducing the time lost in going to and from their meals and lodging place. For that reason it held plaintiff to be within the federal act. *Phil., Balt. & Wash. R. R. Co. v. Smith,* 250 U. S. 101, 39 Sup. Ct. 396, 63 L. Ed. 869.

If the plaintiff in that case had been injured by being struck by the train while carrying a pail of coal from an adjacent car to cook the meal, certainly the holding would have been the same. Such is the identical work in which this plaintiff was engaged. Had these defendants performed their duty the coal would have been adjacent to the section house where they should have supplied it. Having failed in that duty plaintiff was obliged by their neglect to take it from a moving train. The only distinction we are able to discover lies in the fact, that while plaintiff at the time he received his injury was employed in the same capacity, or in the same character of work, as was the plain-

tiff in the Smith Case, that employment, whose character might be questioned had it not been settled by that authority, was but incidental to his regular employment as a track man, and that regular employment was beyond question interstate employment. Hence we are unable to find a distinguishing characteristic between the two save such as makes it more definite and certain that in the instant case Grove was engaged in work so closely related to interstate commerce as to be a part of it.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN concur.