HAMILTON  v.  LOUISIANA  RY.  AND NAV. CO.

---

(June 21, 1926. Opinion and Decree on Rehearing.)

(January 4, 1927. Opinion and Decree of Supreme Court.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Master and Servant —Par. 154, 156; Courts—Par. 168.**

An employee of a "common carrier by railroad" who is injured while performing duties assigned to him as a member of a gang of laborers repairing a switch used largely, though not exclusively, for interstate commerce, cannot recover compensation under the Employer's Liability Act of Louisiana, as amended by Act 244 of 1920. Under such circumstances his right of action is only under the Federal Employer's

Liability Act, and where it is conclusively shown that, prior to suit, a compromise settlement has been made with such employee, a claim for compensation, in addition to that received, must be denied under the Federal Statute.

2. **Louisiana Digest—Master and Servant —Par. 154, 156, 160 (j); Courts—Par. 168.**

Where a short-line. carrier operating entirely within the state and shown to be engaged in both interstate and intrastate traffic, is made defendant in suit for workmen's compensation under the State's Employer's Liability Act, the prima facie presumption is that the carrier and the injured employee were engaged in interstate commerce at the time of the alleged accident. The burden of this presumption is upon the employee.

Appeal from Civil Disrict Court, Division "D", Hon. Porter Parker, Jurge.

Action by Will Hamilton against the Louisiana Railway and Navigation Co.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Gordon Boswell, of New Orleans, attorney for plaintiff, appellee.

Milling, Godchaux, Saal and Milling, of New Orleans, attorneys for defendant, appellant.

## OPINION

BELL, J. This is a suit brought under the Employer's Liability Act of Louisiana, Act 120 of 1914, particularly Section 30 thereof, as amended by Act 244 of 1920.

The plaintiff, a member of a gang of laborers employed by the defendant railroad, was injured in the company's yards at New Orleans while repairs were being made by the company to a switch located within its yards. It is alleged that on or about May 29, 1923, in the course of his employment, plaintiff, with other employees, was handling heavy timbers; that these timbers were being placed in a position adjacent to the switch and that while thus engaged plaintiff's right hand was badly crushed, causing it to be seriously and permanently injured. Recovery is predicated under the Louisiana statute, upon material averments to the effect that the defendant corporation, organized under the laws of Louisiana and domiciled in Shreveport, Louisiana, is an intrastate common carrier by rail; that in pursuance of its business as such, the building of a switch at the New Orleans terminal of the company is wholly of an intrastate character, in which both the injured employee and his employer (the defendant carrier) were engaged at the time of the injury. It is further alleged that defendant, recognizing plaintiff's claim for workmen's compensation under the state statute and amendments thereto, paid to plaintiff, about two months prior to the suit, the sum of $100.00 on account of compensation due him, and that notwithstanding repeated demands for additional compensation defendant has refused to pay what is now due or later may become due under the act.

Defendant answers by admitting that plaintiff was injured while in its employ at the place and time alleged. It avers that it is an interstate as well as intrastate common carrier by rail, and that as such it was repairing (not building) the switch in question as part of its tracks used constantly and permanently in interstate commerce, and that the work in which plaintiff was engaged when injured was work in the furtherance of interstate commerce. Defendant specifically denies

that it recognized plaintiff's claim for compensation under the state statute by paying plaintiff $100.00 as alleged, but that such payment was on the contrary made upon the assumption that plaintiff's injury occurred while he was engaged or employed in relation to interstate commerce and that plaintiff accepted the payment upon that assumption, a fact which he is estopped to deny. It is finally averred that "such payment constitutes a perpetual bar to any claim whatsoever brought by the plaintiff".

There was judgment in favor of plaintiff under the state statute in the amount of weekly compensation as prayed for in the petition, subject to a credit of $100.00 previously paid and for an additional amount in the sum of $250.00 for medical attention, etc., and for costs. From this judgment defendant has appealed.

The paramount question for determination is whether plaintiff's action is controlled by the Employer's Liability Act of Louisiana, or by the Federal Statute bearing on the same subject matter.

Relative to injuries sustained by railroad employees, the Louisiana Compensation Act (Sec. 30, as amended by Act 244 of 1920) reads as follows:

"That this act shall 'not be construed to apply to any employer acting as a common carrier while engaged in interstate or foreign commerce by railroad, provided that the employee of such common carrier was injured or killed while so employed; but if the injury or killing of an employee of a railroad occurs while the employer and employee are both engaged and employed at the time in an interstate operation or movement and said movement or operation is not controlled or governed by the laws, rule of liability or method of compensation which has or may be, established by the Congress of the United States, then this act shall govern and compensation shall be recovered thereunder * * *."

Section 1 of the Acts of Congress of April 22, 1908, Chapter 149, 35 Statutes at Large, 65, provides that:

"Every common carrier by railroad, while engaged in commerce between any of the several states or territories * * * shall be liable for damages to any person suffering injury while he is employed by such carrier in such commerce * * *."

Where the action was brought under a state statute against a carrier alleged to have been in intrastate commerce at the time and place at which he, as the carrier's employee, was likewise engaged, the burden of affirmatively establishing these allegations is upon the employee. Philadelphia & Reading R. R. Co. vs. Polk, 256 U. S. 332; St. L., S. F. & Tex. Ry. Co. vs. Seale, 229 U. S. 156; Thaxton vs. L. R. & N. Co., 153 La. 292, 95 South. 773; Dupuis vs. L. R. & N. Co., 155 La. 593, 99 South. 709.

Without discussing in detail the evidence before us, we find from the blue print, showing the switch and main line tracks with which the switch is connected, and from the Company's Superintendent of Terminals at New Orleans, as well as from the testimony given by plaintiff concerning the general nature of his employment and the work he was performing when injured, that the defendant, as well as plaintiff, were then engaged in commerce, largely, though not exclusively of an interstate character, in that the switch and its connections then undergoing repairs were instrumentalities of interstate commerce so closely allied with interstate traffic as to be part thereof.

We are also of the opinion under the authorities above noted that plaintiff has failed to carry the burden imposed upon him of proving the allegations made in his petition regarding the intrastate character

of the work or operation obtaining, both as to himself and his employer, at the time of the accident.

The true test for determining whether an employee's right of recovery arises under the state's or the Federal Employer's Liablity Act is:

(a) Is the work which was being done by the employee when injured part of or closely related to interstate commerce in which the carrier was then engaged? or

(b) Is the instrument of commerce undergoing repairs habitually used for intrastate commerce?

If, under the facts adduced an affirmative answer can be given to either of these questions the Federal and not the State Act must be applied.

It is an immaterial fact that the carrier's line of railroad lies entirely within a state or that the place of accident was in the yards at one of its terminals. St. L., S. F. & Tex. Ry. Co. vs. Seale, 229 U. S. 156; La. Ry. & Nav. Co. vs. Williams, 272 Fed. 439; N. Y. C. R. R. vs. Winnfield, 244 U. S. 147.

A careful consideration of the ruling made in Dupuis vs. L. R. & N. Co., 155 La. 954, does not lead us to the conclusion, as argued by counsel for plaintiff, that the Supreme Court of this state, in reversing the judgment of the Court of Appeal for the First Circuit, intended to ignore the leading case of Pedersen vs. D. L. & W. R. R. Co., 229 U. S. 146. In the Dupuis case the Supreme Court noted that the plaintiff's injuries had been sustained while unloading a car of piling, which was admittedly an interstate shipment hauled by a local train handling only interstate commerce, and that the plaintiff's immediate employment would have ended with the unloading of the piling. The court

held that these facts brought the case within the ruling announced in C. B. & Q. R. R. vs. Harrington, 241 U. S. 177.

In the unsupported case of Thompson vs. L. R. & N. R. R. Co., 9123 of the docket of this court, decided October 1, 1923, and in which the Supreme Court of this state refused a writ (December 5, 1923), we decided, upon the ruling noted in the Pedersen case, that:

"An employee injured while performing his duty as a car-cleaner upon a passenger coach shown by the evidence to have been used at the time of the accident in interstate commerce cannot recover under the State's Employers' Liability Act."

In Miller vs. M. L. & T. R. R. & S. S. Co., et al., 1 La. App. 1st Adv. Rep.) p. 270, citing our ruling in the Thompson case, we held: "The Employers' Liability Act of 1914, as amended by Act 244 of 1920, does not apply to an employer acting as a common carrier while engaged wholly or in part in interstate commerce by railroad."

In Porter vs. Lancaster, Receiver, 2 La. App. 47, the Second Circuit Court of Appeal, on rehearing, reversed its former decree, and upon the authority of the Pedersen case and other cited decisions of the Supreme Court of the United States, held that the state statute does not apply to an employee injured while repairing the track of a railroad engaged in interstate commerce.

In the case of "Louisiana Railway & Navigation Co. vs. Williams, 272 Federal 439", a decision of the Circuit Court of Appeals for the Fifth Circuit, the plaintiff was a roadmaster injured in supervising some work on the railroad of the Louisiana Railway & Navigation Co. and also making an inventory of the property and materials on the right-of-way.

The Circuit Court of Appeals held that his recovery came under the Federal Act, saying at page 440:

"The court did not err in refusing to direct a verdict for the defendant at the conclusion of the entire testimony, on the ground that the evidence showed, without conflict, that at the time of the accident Williams was not engaged in interstate commerce, but in the exclusive business of taking an inventory of materials lying on the property of the road, all of which is in the State of Louisiana. Even if it be conceded that, had Williams been exclusively engaged in taking such inventory, he would not have been employed in interstate commerce, in our opinion, the work of Williams as a roadmaster, in supervising the keeping in repair of said track of said railway engaged in interstate commerce, constituted an employment by such carrier in interstate commerce. Under the testimony of the plaintiff, which was not contradicted, he was such an employee at the time of his injury, and was so occupied. Pedersen vs. D. L. & W. Ry. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1940, 153; Southern Ry. Co. vs. Puckett, 244 U. S. 571, 37 Sup. Ct. 703, 61 L. Ed. 1321, Ann. Cas. 1918 B, 69; Lehigh Valley R. R. Co. vs. Barlow, 244 U. S. 183, 37 Sup. Ct. 515, 61 L. Ed. 1070; New York Cent. R. R. Co. vs. Porter, 249 U. S. 168, 39 Sup. Ct. 188, 63 L. Ed. 536; Phila. B. W. R. R. Co. vs. Smith, 250 U. S. 101, 39 Sup. Ct. 396, 63 L. Ed. 869."

We are convinced that plaintiff's action in the case at bar is controlled by the Federal Employers' Liability Act and that he has no right of action under the state's statute.

It is conceded by counsel for plaintiff that if the Federal Statute controls, then the admitted payment and release regarding the $100.00 already received bars plaintiff from any further recovery for additional compensation.

It is therefore ordered that the judgment appealed from be reversed and that there now be judgment for the defendant, the Louisiana Railway & Navigation Company, dismissing plaintiff's suit at his cost in both courts.

———

OPINION ON REHEARING

WESTERFIELD, J. A reconsideration of this case convinces us of the error of our former decree.

Will Hamilton, the plaintiff, an ignorant negro laborer, was employed by the defendant railroad and at the time of the accident was engaged in piling up crossties destined for use in connection with the repair of a switch track belonging to the defendant. Much has been said in argument, and, in brief, pro and con, as to the use of the switch track as establishing its character as an instrumentality of interstate commerce. We will assume that it was, and that all laborers and others engaged in its repair were engaged in interstate commerce. What connection had Will Hamilton with the repair of the switch track? The day before he was injured he helped place some crossties in position on the track. What he did the day before is, we submit, of no consequence, for the true test of whether the Federal or state act applies in his occupation at the time of, indeed, at the moment of, his injury.

"Every common carrier by railroad, *while* in commerce between any of the several states or territories * * * shall be liable for damages to any person suffering injury *while* he is employed by such carrier in such commerce." (Italics ours.)

Federal Act, Sec. 1.

"Giving the words 'suffering injury while he is employed by such carrier in such commerce' their natural meaning, as we think must be done, it is clear that Congress intended to confine its action to in-

juries accruing when the particular service in which the employee is engaged is a part of interstate commerce. * * * That he was expected, upon the completion of that task, to engage in another which would have been a part of interstate commerce is immaterial under the statute, for by its terms the true test is the nature of the work being done at the time of the injury." I. C. R. R. Co. vs. Behrens, 233 U. S. 473.

The ultimate question therefore is, was Hamilton's occupation at the time he was injured so closely related to interstate commerce as to form a part of it? It must be conceded that one who repairs an interstate switch track is employed in interstate commerce, with certain qualifications which need not be noted here. But is the laborer who carries the material for the repair of the track, so engaged? If the laborer who transports the crossties a short distance and places them in a convenient position for use is engaged in interstate commerce, what about the drayman who transports the ties a longer distance and places them in position for the laborer to take them up? And what of the manufacturer? The answer is to be found in the decisions of the courts or, as Sir Edward Coke puts it, "in the gladsome light of jurisprudence".

At the outset we disclaim any intention, and less desire, to indulge in a comprehensive review of the adjudged cases involving interstate commerce. In the first place we are too old, and though we attained the normal expectancy of life, death would inevitably find us with our pen poised and our task incomplete. No subject of constitutional law has received more attention, and, concerning which more has been written than has been devoted to a consideration of what is and what is not interstate commerce, involving as it does vital principles of our dual system of government. A veritable Sargasso Sea of printers' ink which the troubled mariner once embarked finds himself without compass to guide him into the clear waters of judicial consistency and legal certainty.

It is no reflection upon the learning and genius of the gentlemen who have contributed to this vast subject of jurisprudence to say that the jurisprudence can not be reconciled and no rule or formula free from confusion in application has yet been devised. The difficulty arises ex necessitate rei.

Chief Justice Marshall in Brown vs. Maryland, 12th Wheat 419, in speaking of the power of Congress over foreign commerce and its interference with the acknowledged power of the states over their domestic affairs, said:

"The power and the restriction on it, though quite distinguishable when they do not approach each other, may yet when (like) the intervening colors between black and white, approach so nearly as to perplex the understanding, as colors perplex the vision, in marking the distinction between them. Yet, the distinction exists and must be marked as the cases arise. Until they do arise it might be premature to state any rule as being universal in its application."

Nearly one hundred years later in the case of Industrial Accident Commission vs. Davis, 259 U. S. 182, the same court, referring to the relation of the employment to interstate commerce as determining the application of the Federal Employers' Liability Act, said:

Further discussion is unnecessary, though we are besought to declare a standard invariable by circumstances or free from confusion by them in application. If that were ever possible, it is not so now. Besides things do not have to be in broad contrast to have different practical and legal consequences. Actions take estimation from degrees, and of this, life and law are replete with examples."

Our effort, therefore, shall be to select a case which by closest analogy fits this case—very much as a purchaser tries on hats in a hat store to get the best fit.

Defendant insists that the case of Pedersen vs. D. L. & W. R. R., 229 N. S. 146, controls. In that case it was held that an employee carrying bolts to be used in the repair of a bridge used by an interstate train was engaged in interstate commerce. The decision was not unanimous, three of the members of the court dissented, but, of course, its authority can not be questioned on that account, and, if we did not believe the doctrine of this case to be qualified by subsequent decisions, we should hold it to be decisive of the issues here as counsel contends. The facts are not exactly alike, for example, Pedersen was carrying bolts to the bridge which was under repair while in the case at bar Hamilton was piling up the crossties in a convenient place from which they could thereafter be put in the switch. If it be objected that this is a distinction without a difference, we answer that "trifles light as air" have influenced the courts in most of these cases as has been heretofore indicated. Nevertheless, we would not distinguish this case from the Pedersen case upon the difference in its facts alone.

In I. C. R. R. Co. vs. Behrens, 233 U. S. 473, it was held that a fireman in the employ of a trunk line railway who, as a member of a crew operating a switch engine, used to move cars of all sorts empty and loaded and destined within and without the state, was not engaged in interstate commerce because at the moment he was injured his engine was moving only intrastate cars, there not happening to be any cars in that particular train destined beyond the state, though interstate cars were waiting to be moved by the same engine.

"In short the crew handled interstate and intrastate traffic indiscriminately, frequently moving both at once and at times turning from one to the other. At the time of the collision the crew was moving several cars loaded with freight which was wholly intrastate, and upon completing that movement was to have gathered up and taken to other points several other cars as a step or link in their transportation to various destinations within and without the state."

In Erie R. R. Co. vs. Welsh, 242 N. S. 303, the employee was held not to be engaged in interstate commerce though his connection with such commerce seems very much closer than in the Pedersen case. Welsh was a yard conductor working under a yardmaster in the employ of the Erie R. R. Just previous to his injury he had made up an interstate train, placing the freight cars in the train, destined for points beyond the state. While on his way to the yardmaster's office for orders for the further movement of cars in the yard, he was hurt. Moreover the orders which he would have received required him to make up an interstate train. Nevertheless he was denied recovery under the Federal Act. The court in referring to the claim that the slight interval between the making up of the two trains could not affect the interstate character of his employment, said:

"Upon the strength of this it is argued that his act at the moment of his injury partook of the nature of work that, but for the accidental interruption, he would have been called upon to perform. In our opinion, this view is untenable. By the terms of the Employers' Liability Act the true test is the nature of the work being done at the time of the injury, and the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act."

Upon the authority of the Behrens and Welsh cases we are of opinion that the

plaintiff in the case at bar was not at the moment of injury engaged in interstate commerce and that consequently not barred from recovery under the state statute.

Our former decree is set aside and it is now ordered that the judgment of the District Court be affirmed.

———

For the written reasons on file I respectfully dissent.

(Signed) ESMOND PHELPS.

### DISSENTING OPINION

PHELPS, Judge ad hoc. Defendant operates a line of railroad with its terminal at Shreveport, Louisiana, and New Orleans, Louisiana. Its line is located entirely within the State of Louisiana but is continuously used for the transportation of freight destined to, or originating from points in other states. Plaintiff was a member of one of defendant's track repair gangs. This gang was engaged on the day of the accident in repairing a switch track which was an integral part of defendant's terminal yard at New Orleans and over which there moved each month several hundred cars of freight, a substantial part thereof being interstate shipments.

On the day of the accident and also on the day previous, plaintiff was engaged in assisting in the repair of this switch. His foreman instructed him to go, with several other members of his gang, to a point a short distance away and bring some timbers to the switch so they would be available for installation on the following morning. Plaintiff was injured while assisting in bringing these timbers to the switch.

This suit is brought to recover compensation under the Louisiana Workmen's Compensation Act (Act 20 of 1914). That act has no application to railroad employees who are injured while engaged in interstate commerce. (Sec. 30, as amended by Act 244 of 1920). Indeed, the statute could not be made applicable in cases falling under the Federal Employers' Liability Act. (New York Central R. R. vs. Winnfield, 244 U. S. 147. The question in each case is, therefore, whether the injured employee was at the time of the accident engaged in interstate commerce; and the decisions of the Supreme Court of the United States on this question bind the state courts and must be followed by them. (New York Central R. R. Co. vs: Winnfield, supra.)

This case, in my opinion, falls clearly under the decision of the Supreme Court of the United States in Pedersen vs. Delaware, Lackawanna & Western R. R. Co., 229 U. S. 146, in which it was held that a railroad employee who was injured while engaged in carrying to a bridge bolts to be used the next day in the repair thereof was engaged in interstate commerce at the time of the injury. In the Pedersen case no repair work had been done on the bridge but the work was to be begun the next day and the materials were being assembled by the bridge gang for that purpose. Here the repair work had been going on for two days and plaintiff had been participating therein. Plaintiff's act in bringing the timber to the track was incidental and necessary to the repair work already begun. The case at bar is, therefore, much more clearly within the Federal Act than was the Pedersen case. The authority of the Pedersen case has not been challenged or effected by any subsequent decisions of the Supreme Court of the United States. On the contrary, that court extended the doctrine of the Pedersen case by its decision in Philadelphia, Baltimore & Washington R. R. Co.

vs. Smith, 250 U. S. 101, in which it held that an employee of an interstate railroad whose duties were to cook the meals for a gang of bridge carpenters in a camp car which was provided and moved from place to place along the railroad line to facilitate their work in repairing bridges, and who, at the time of his injury, was within the car on a side track and occupied in cooking a meal for the carpenters while they were repairing one of the bridges in the vicinity was engaged in interstate commerce within the meaning of the Federal Employers' Liability Act. If an employee engaged in feeding the bodies of a gang is engaged in interstate commerce because of the interstate nature of the work of the gang, then it necessarily follows that a member of the repair gang engaged in feeding material to his gang for immediate use in repair work already begun on an instrumentality of interstate commerce is also engaged in interstate commerce.

The decisions of the Supreme Court of the United States in cases involving the movement or repair of cars or engines are inapposite. Such equipment is not permanently dedicated to interstate commerce. Each car or engine is a separate unit which is at one time devoted to interstate and at another time devoted to intrastate commerce. The tracks of the railroad are, however, permanent fixtures and an integral part of one continuous highway of interstate commerce. They are at all times instrumentalities of interstate commerce.

The decision of the Supreme Court of Louisiana in Dupuis vs. Louisiana Railway & Navigation Co., 155 La. 953, 99 South. 709, is manifestly inapplicable. There the court held that a railway bridge foreman injured while engaged in unloading from a car piling shipped from a point

within the state and intended for use at some indefinite future time in protecting a railway bridge was not engaged in interstate commerce. The court stressed the fact that "while the purpose for which the piling was intended to be used is shown, there is no proof in this record of any necessity for its immediate use for that purpose and no proof as to when, or whether it ever would be so used." (P. 956.) Here the repair work had been actually begun and the timber was intended for immediate use.

For the foregoing reasons, I am of the opinion that plaintiff was injured while engaged in interstate commerce and that no recovery can be had under the Louisiana Compensation Act. I, therefore, respectfully dissent from the opinion and decree permitting recovery under the state act.