**TEXAS & PAC. RY. CO. v. KELLY.***

· No. 3871.

Court of Civil Appeals of Texas. Texarkana.
Dec. 15, 1930.

Rehearing Denied Dec. 31, 1930.

*Writ of error granted.

752

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

S. P. Jones and Franklin Jones, both of Marshall, and J. A. R. Moseley, Jr., of Texarkana, for appellee.

LEVY, J. (after stating the case as above).

■ The appellant submits the proposition, as controlling the suit based exclusively upon the Federal Employers' Liability Act (45 US CA §§ 51–59), that the appellee was not injured while engaged in interstate commerce. In support of the proposition, it is pointed out that the evidence shows without dispute that the interlocking system was not in operation or use, and had not been completely put in position and place for operation and use as an instrumentality in interstate commerce, but the switches and appurtenant signal lights at the crossing were, when the appellee was injured, being operated by hand the same as before. The main purpose of this interlocking system of signals was, as fully shown, to take the place and be the substitute of the hand-operated switches then in use. The switches and appurtenant signal lights were not designed to be used and operated severally, but they were to constitute a complete interrelated system of operation of trains over the already laid track and roadbed. The rods, wires, and plates which constituted a working part of the new system were to be, and mostly were, attached to, and connected with, the rails then in the existing track. There was not to be any change in the roadbed, track, or rails in order to have the new mechanism tied to it for operation. In such situation, it is believed that the system or plant must be regarded as intended as a substitution of existing switch facilities and signal system in the nature of purely track equipment of the already laid and existing railway track. The factual elements must be considered that the rails in the existing track were to be utilized in connection with the new signal system, and such rails also entered into, and formed a part of, the existing roadbed. Therefore the fact that the locking mechanism, which was an inseparable part of the system being installed for the safe and efficient operation of trains over the tracks, was to be and mostly was tied to and connected with the rails of the existing roadbed, would operate to classify the work being done at the time of the injury as work done on an instrumentality actually used in interstate commerce at that time, although the interlocking system of signals had not been completely put in position and place for operation. The work was certainly in close and not remote relation to interstate traffic. The tracks and rails and roadbed already laid were, as shown, actually used and being used at the time of the injury daily by many trains in interstate business, carrying through passengers and freight. The authorities point to the conclusion that the plaintiff under the facts stated was entitled to recover under the federal act. Pederson v. Railway, 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; Kinzell v. Rwy., 250 U. S. 130, 39 S. Ct. 412, 63 L. Ed. 893; Philadelphia, B. & W. Rwy. v. Smith, 250 U. S. 101, 39 S. Ct. 396, 63 L. Ed. 869; Oregon Short Line Rwy. v. Gubler (C. C. A.) 9 F.(2d) 494 (certiorari denied 273 U. S. 709, 47 S. Ct. 100, 71 L. Ed. 851); Central Rwy. Co. of New Jersey v. Monahan (C. C. A.) 11 F.(2d) 212.

■ The appellant contends that it is not liable because (1) there was no negligence, and (2) there was assumption of risk. It is believed the questions so presented became one of fact for the jury's determination. There is, we think, evidence tending to show and authorizing the inference of negligence upon the grounds submitted to the jury in the court's charge. The work the appellee was engaged in was work more or less of a hazardous character, as it required him to be upon the hoisted block, and in undertaking to do the work he assumed the risk incident to the employment in which he was engaged, but he did not assume dangers resulting from the negligence of others. Therefore neither point made in the assignment of error can be sustained as a pure matter of law.

■■ The question of whether or not the appellee was engaged in interstate commerce at the time of his injury became in the record one for decision by the court and not the jury, and therefore any charge given to the jury, or finding by the jury, becomes immaterial of consideration in the appeal, because in-

jury could not be legally predicated thereupon.

We have given full consideration of all the assignments of error presented, and think they should be overruled.

The judgment is affirmed.