[No. 24726. Department One. December 18, 1933.]

JOSEPH BENNOR, *Appellant*, v. OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY, *Respondent*.[1]

*John H. Roche*, for appellant.

*A. C. Spencer, Hamblen, Gilbert & Brooke*, and *H. M. Hamblen*, for respondent.

[1]Reported in 27 P. (2d) 1082.

MILLARD, J.—A group of defendant's employees, designated "repair gang," on a work train, moved from place to place wherever needed to perform certain work (putting in rails, ties and gravel and raising the tracks) along the line of defendant's interstate railroad. Joseph Bennor was employed as an assistant cook—he termed himself "bull cook"—in that repair gang. He testified as follows concerning the duties required of him:

"They call it bull cook,—taking the stuff into the cars, you see, the canned supplies, handling those for the cook, and it is up to the cook to do the work. I was bull cook and took coal and oil and water and swept out the car, kept the fires, doing the roustabout work outside, but had nothing to do inside with the cook, any more than bringing the stuff there."

On or about the first part of February or March, 1930, while carrying a quarter of beef from the railroad station at Hooper downstairs to the boarding cars of the work train, Bennor fell and was seriously injured. Bennor's fall was caused by the bending down of the front half of the fourth step of the stairway as Bennor attempted to proceed downward to the next step. More than two years thereafter, Bennor commenced this action to recover for the personal injuries sustained by him as a result of his fall.

At the close of plaintiff's case, defendant interposed a motion for dismissal of the action. One of the grounds upon which the motion was based was that, as it came within the Federal employers' liability act, the action was barred by the two-year statute of limitations.

"No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." 45 U. S. C. A., Ch. 2, § 56, p. 515.

The motion was granted. The plaintiff has appealed.

■■ The cause of action accrued the first part of February or March, 1930, and this action was not commenced until more than two years thereafter. It follows that if, at the time he was injured, appellant's work as bull cook for the repair gang on respondent's interstate railroad was so closely related to interstate transportation as to be practically a part of it, the appellant was employed in interstate commerce, and the action is within the purview of the Federal employers' liability act (45 U. S. C. A., §§ 51-59; 35 Stat. 65; 36 Stat. 291); therefore, under § 56, above quoted, the action can not be maintained.

The question whether the appellant was employed in interstate commerce at the time he was injured is controlled by the decisions of the highest Federal court.

"The Federal cases, as we have said, are authoritative, on the question here presented." *Hilliard v. Clifford,* 134 Wash. 590, 236 Pac. 108.

*Philadelphia, B. & W. R. Co. v. Smith,* 250 U. S. 101, 63 L. Ed. 869, which we do not find has ever been modified, is determinative of this appeal. In that case, the plaintiff's duties as an employee of an interstate railroad were to cook the meals, make the beds, etc.; for a gang of bridge carpenters, in a camp car which was provided and moved from place to place along the line to facilitate their work in repairing the bridges. At the time of his injury, the plaintiff was within the car, on a sidetrack, and occupied in cooking a meal for the carpenters and himself, while they were repairing one of the bridges in the vicinity. The supreme court of the United States held that the plaintiff was engaged in interstate commerce, within the meaning of the Federal employers' liability act. See, also, *Wyatt v. New*

*York, O. & W. R. Co.*, 45 Fed. (2d) 705; certiorari denied, 283 U. S. 829, 75 L. Ed. 1442.

The judgment is affirmed.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.