[S. F. No. 7845. In Bank.—December 14, 1916.]

SOUTHERN PACIFIC COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

RAILROAD—INTERSTATE COMMERCE—LOCAL TRACK USED FOR INTERSTATE AND INTRASTATE COMMERCE—INJURY TO WATCHMAN FROM INTRASTATE TRAIN.—A watchman employed by a railroad at a point where a local line track, used indiscriminately for both interstate and intrastate commerce, was crossed by a public street, whose duties in part required him to keep the track free of such obstructions to the uninterrupted passage of all trains according to schedule as might be caused by passing vehicles, is engaged in interstate commerce, and the state Industrial Accident Commission has no jurisdiction to award compensation for personal injuries to him occasioned by a collision with an intrastate train which he was engaged in flagging. (*Southern Pacific Company v. Industrial Accident Commission, ante,* p. 8, followed and approved.)

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission of the State of California.

The facts are stated in the opinion of the court.

Henley C. Booth, and A. L. Clark, for Petitioner.

Christopher M. Bradley, for Respondent.

ANGELLOTTI, C. J.—This is a proceeding to review an award against petitioner made by the Industrial Accident Commission to Bertha S. Smith, widow of Austin A. Smith, on account of the death of the latter by reason of accident arising out of and happening in the course of his employment by petitioner. .

The admitted facts of this case are such as to present the same question that is decided in *Southern Pacific Co. v. Industrial Accident Commission* (S. F. No. 7818), *ante,* p. 8, [161 Pac. 1139], filed herewith. Deceased was a crossing watchman at the place in Berkeley, Alameda County, where certain railroad tracks of petitioner crossed Alcatraz Avenue and Adeline Street, his duties being substantially the same as those of Mr. Rolfe in the case just referred to. The showing as to the nature and purpose of his employment was substantially the same as in that case. While engaged in "flagging" one of petitioner's electric trains at that point he was struck by such train and received injuries which resulted in his death. The only difference worthy of note between the facts of the two cases is that in this case the tracks were not main-line tracks of petitioner, but were parts of a line maintained by it from Oakland pier, the main-line terminus, through Oakland to and partly through the city of Berkeley, on which it operated electric passenger and steam freight trains. The difference, however, is not material, in view of the further uncontradicted showing that at the time of the accident the line was being used indiscriminately by petitioner in its interstate and intrastate commerce. The steam freight trains operated thereon carried all the freight that was "handled to and from Berkeley," it being the only way that the same could be taken to or from the Berkeley freight station, and was thus being constantly used for its handling

CLXXIV Cal.—2

of the interstate freight carried by petitioner to and from that place. "When a carload of freight would come from an interstate point of origin into the West Oakland yard, the entire car with its contents" would be sent over this line to Berkeley. Then, too, at the Shattuck Avenue station on this line, interstate passenger tickets were sold, and these tickets were honored on the electric trains when presented by purchasers journeying thereon to a point where they could take the steam train of petitioner, as were also tickets presented by interstate passengers going to Berkeley who had left their steam train at the Sixteenth Street station in Oakland. The line was thus a part of petitioner's passenger and freight system, both interstate and intrastate, and was in constant use for both purposes.

There is no material distinction between the cases.

The award of the accident commission is annulled.

Sloss, J., Shaw, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.

LAWLOR, J., Dissenting.—I dissent.

It is conceded in the petition in this case that "It was not shown at the hearing before the said commission that the train which struck deceased was actually then carrying interstate freight, passengers, express, mail or baggage." Nor is it shown when the next interstate train going in either direction would pass the point where the collision occurred. Upon the conclusions reached in my dissent in *Southern Pacific Co.* v. *Industrial Accident Commission* (S. F. No. 7818), *ante,* p. 8, [161 Pac. 1139], I think the award of the commission should be affirmed.