Before State Industrial Commission, Respondent.

In the Matter of the Claim of Ellen O'Brien, Respondent, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, Patrick O'Brien, *v.* Pennsylvania Railroad Company, Employer and Self-Insurer, Appellant.

Third Department, May 7, 1919.

**Workmen's Compensation Law — watchman killed while guarding interstate shipment — claim dismissed.**

An employee, run down and killed by a motor truck while engaged in this State in watching a shipment of goods from a foreign State prior to the taking possession thereof by the consignee, was engaged at the time of the accident in guarding an interstate shipment, and, hence, a claim for an award under the Workmen's Compensation Law should be dismissed.

Appeal by the defendant, Pennsylvania Railroad Company, from each and every award of the State Industrial Commission made herein and entered in the office of said Commission on the 9th day of April, 1918.

*Burlingham, Veeder, Masten & Fearey* [*Ray Rood Allen* and *Samuel C. Coleman* of counsel], for the appellant.

*Charles D. Newton, Attorney-General,* and *Robert L. Bonynge,* counsel for State Industrial Commission [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. Kellogg, J.:

The deceased was employed by appellant as a watchman at piers 27, 28 and 29, North river, New York city. These piers were maintained by the appellant for the receipt and delivery of freight from cars ferried across the river upon floats from points in the State of New Jersey. In the rear of the piers, running the whole length thereof, was an open space on West street commonly known as the " farm." Overflow produce arriving at the piers was placed upon the farm, there to await removal by consignees. The deceased was engaged in acting as watchman for a shipment of potatoes in barrels from the State of Florida, which had arrived at the piers, and had been placed upon the farm, when he was run down

by a motor truck and killed. The consignee was entitled to forty-eight hours' notice before removing the consignment. Before this time had elapsed, and before the consignee had taken possession of the shipment or paid the freight charges thereon, the accident happened. Within well-settled principles of law transportation of the potatoes, which was interstate, had not ended when the accident occurred. (*McNeill* v. *Southern Railway Co.*, 202 U. S. 543; *Cleveland & St. Louis Railway* v. *Dettlebach*, 239 id. 588; *Southern Railway* v. *Prescott*, 240 id. 632; *Jennings* v. *Clyde Steamship Co.*, 148 App. Div. 615; *Chalmers* v. *New York Central R. R. Co.*, 175 id. 239.) The case of *Chicago, Burlington & Quincy R. R.* v. *Harrington* (241 U. S. 177) is not in disagreement with the cases cited. In that case an employee was engaged in moving coal from the storage tracks of the consignee to the coal chutes of the consignee, the coal being in possession of the consignee at all times during the work which was being performed by the employee at the time of his injury. The deceased in this case, having been engaged at the time of the accident in guarding an interstate shipment, the transportation of which had not ceased, an award could not properly be made.

The award is reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.