JOHN CORK, APPELLANT, v. LEHIGH VALLEY RAILROAD
COMPANY, RESPONDENT.

Submitted July 10, 1922—Decided November 20, 1922.

1. A railroad company transporting goods from one state to another
   is engaged in interstate commerce until delivery is made, or at
   least until a reasonable opportunity is afforded the consignee for
   the removal of the property transported; and an employe dis-
   charging a duty of safeguarding the consignment during the
   course of its transportation is employed in interstate commerce.
2. A railroad company is under a legal obligation to its employes
   to make a reasonable inspection of cars to be hauled over its
   road at convenient places during their journey for the purpose
   of discovering defects likely to occur in the course of transpor-
   tation; and where an accident to an employe engaged in inter-
   state commerce, results from the failure to make proper in-
   spection of the car, and such failure is the proximate cause of
   the accident, the company is liable to its employe by the terms
   of the federal employers' liability statute.
3. In an action brought under the Federal Employers' Liability act,
   where the injuries are the result of a defect in a car, which was
   not obvious, the doctrine of assumption of risk by the injured
   employe has no application.

On appeal from the Supreme Court.

For the appellant, *Wilbur A. Heisley.*

For the respondent, *George S. Hobart, Edward A. Mark-
ley* and *Charles W. Broadhurst.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  This was an action brought
by the plaintiff, under the federal liability statute, to re-
cover compensation for injuries received by him while en-
gaged in the service of the defendant company as a watchman
in the latter's yard in Jersey City.  The relationship of the
parties was admitted.  The proofs showed that the plaintiff,
while engaged in the performance of his duties, and some
time in the small hours of the morning of November 3d,

1920, observed that the door of a freight car standing on one of the side tracks, known as No. 5, was partly open, and that while endeavoring to roll the door back for the purpose of ascertaining whether the contents of the car had been disturbed he was injured by the door falling on him by reason of its defective condition. ` The proofs further showed that this car had been loaded with boxes of baked beans in the town of Dixon, in the State of New York, which had been consigned to the firm of Eckerson & Company, merchants in Jersey City; that it left Dixon on about the 20th of October, 1920, and was transported over the defendant company's road to its yard in Jersey City, reaching there at about eight o'clock on the morning of November 2d. It further appeared in evidence that at some time not later than four o'clock in the afternoon this car was shunted onto the side track known as No. 5, and remained there until after the happening of the accident that caused the plaintiff's injuries. The evidence also disclosed that shortly after four o'clock on that day the local agent of the defendant company deposited in a United States mailing box a notice to the consignees, advising them that the car was on hand and subject to their disposal. There was no proof that this notice was received by the consignees, nor was there evidence of the time of collection of mail from the particular box in which the notice was deposited. It may fairly be presumed, therefore, that the consignees of the shipment did, not actually receive the notice until the following morning.

At the close of the case there was a motion to direct a verdict submitted by the defendant upon three grounds— first, that the evidence submitted failed to show that at the time of the accident the plaintiff was employed and the defendant was engaged in interstate commerce; second, that the proofs failed to disclose negligence on the part of the defendant, and third, that the plaintiff assumed the risk of his injury. The trial judge considered that the questions of negligence on the part of the defendant and assumption of risk by the plaintiff were matters to be determined by the jury, and not by the court, and refused to direct a verdict

upon either of those grounds. He held, however, that the motion should prevail upon the first ground upon which it was rested, and it was so ordered. From the judgment entered upon the directed verdict the plaintiff has appealed.

The theory upon which the trial judge directed the verdict was that the interstate movement of the car had been terminated when it reached Jersey City, had been placed upon the side track in the defendant's yard, and notice of its arrival had been mailed to the consignees; considering that after the mailing of the notice the relationship of the defendant company to the consignees ceased to be that of a carrier of goods and was transformed into that of a warehouseman. We cannot concur in this view. In the case of *Burr* v. *Adams Express Co.*, 71 *N. J. L.* 263, 268, 269, we held that where the contract of carriage contemplates delivery upon the carrier's premises at the terminus of the route, and no time for the arrival of the goods or for their delivery is stipulated for, the duty of the carrier in making delivery necessarily involves either the allowance to the consignee of a reasonable time within which to make inquiries respecting their arrival, or, in the absence of such stipulation, the duty on the part of the carrier to give notice of arrival to the consignee, and that this duty involves, in either case, the allowance to the consignee of a reasonable time and opportunity after notice of the arrival of the goods within which to take them away. This is the common law rule with relation to the obligation of the carrier as such, and the federal statute, as we read it, makes no change in that rule. Section 8563, subdivision 2 (8 *U. S. Comp. Stat.* 1916), declares that "the term 'transportation' shall include * * * all services in connection with the receipt, delivery, &c., of property transported." And it is plain, we think, that under this statutory provision, the word "delivery" connotes either tender to the consignee or a reasonable opportunity afforded him for the removal of the property transported. Consequently, a railroad company transporting goods from one state to another is engaged in interstate commerce until delivery is made, or at least until an opportunity is afforded

the consignee for the removal of the property transported, not only under the rules of the common law, but under the federal statute, and an employe discharging a duty such as that which the plaintiff was performing at the time of the accident—that is, the safeguarding of the consignment during the course of its transportation—is employed in interstate commerce.

We conclude, therefore, that the ground upon which the direction of the verdict was rested by the trial court is unsound.

But it is contended by counsel for the respondent that the fact that the determination of the trial judge was rested upon a reason that is fallacious is no ground for a reversal of his action if that action was justified upon any other ground upon which the application was based. The rule is entirely settled in favor of the contention. *Sadler* v. *Young,* 78 *N. J. L.* 594; *Beach* v. *Palisade Realty Co.,* 86 *Id.* 238. We are therefore required to consider the question of the soundness of the other two grounds upon which the motion was rested, namely, that the evidence submitted failed to disclose negligence on the part of the defendant, and that the plaintiff assumed the risk of his injury.

We think the question of the existence of negligence *vel non* was a question to be determined not by the court but by the jury. A railroad company is under a legal obligation to its employes to make a reasonable inspection of cars hauled over its road at convenient places during their journey for the purpose of discovering defects likely to occur in the course of transportation. *Anderson* v. *Erie Railroad Co.,* 68 *N. J. L.* 647, 649; *Griffin* v. *Director General,* 95 *Id.* 490. The fact that the car door when the plaintiff attempted to open it was so out of repair that it fell from its fastenings was some proof that there had been failure on the part of the defendant company, or its agents charged with that duty, to make proper inspection of the condition of the door, and this is especially true in view of the fact that no evidence whatever was offered by the defendant company to show the performance of that duty.

The contention that the plaintiff is conclusively presumed to have assumed the risk of the injury which he received we also consider to be without merit. Viewed in the aspect most favorable to the defendant company, the question was one for the jury to determine, and not the court. If the jury had found, as they might properly have done, that there had been a failure to make proper inspection of the car, and that this failure was the proximate cause of the accident, then the neglect was that either of the defendant itself or of a fellow-servant of the plaintiff employed by the company to make proper inspection. Manifestly, the danger out of which the risk arose was not obvious, so far as the testimony discloses. If the failure of duty which produced that risk was that of the defendant itself, it goes without saying that it was not assumed by the plaintiff. *Chesapeake and Ohio Railway Co. v. DeAtley,* 241 *U. S.* 310. If, on the other hand, the duty rested upon a fellow-employe, the doctrine of assumption of risk has no place under the federal statute. *Stiedler* v. *Pennsylvania Railroad Co.,* 94 *N. J. L.* 197; *Swank* v. *Pennsylvania Railroad Co., Id.* 546; *Reed, Admx.,* v. *Director General of Railroads (U. S. Supreme Court, No.* 78, *October term,* 1921), *Adv. Opin.* 66 *L. R. A. (Lawyers' ed.)* 264.

For the reasons which we have indicated, the direction of a verdict in favor of the defendant was improper, and the judgment brought up by the appeal must be reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Williams, Gardner, Ackerson, Van Buskirk, JJ. 14.