[S. F. No. 10823. In Bank.—December 28, 1923.]

## THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—DEATH OF RAILROAD GUARD—ENGAGEMENT IN INTERSTATE COMMERCE—COMPENSATION NOT RECOVERABLE—EVIDENCE.—An employee who on the night he was shot and killed by unknown persons was in the service of a railroad corporation in the capacity of a watchman and guard with instructions to go out into the railroad yards and keep away strikers and not allow them to interfere with trains, was engaged in interstate commerce, where about ten or fifteen minutes before he was killed he left the yard office to inspect a freight train which was then pulling into the yard containing interstate shipments, and his body was later found alongside of another train on the spot where he had been shot and instantly killed, which latter train also contained interstate bound cars and was to pull out later that evening; and by reason of such employee's engagement in interstate commerce, compensation under the Workmen's Compensation Act for his death is precluded.

PROCEEDING in Certiorari to annul an order of the Industrial Accident Commission awarding compensation. Awards annulled.

---

Workmen's Compensation Act as applicable to railroad employees engaged in interstate commerce, notes, Ann. Cas. 1914D, 663; Ann. Cas. 1916A, 821; Ann. Cas. 1916B, 280; Ann. Cas. 1917D, 1148.

The facts are stated in the opinion of the court.

E. W. Camp, Robt. Brennan and M. W. Reed for Petitioner.

Warren H. Pillsbury for Respondents.

RICHARDS, J., *pro tem.*—This is an application for a writ of review, wherein the applicant seeks to have this court review the proceedings had and to annul the order issued by the Industrial Accident Commission in the matter of the several applications of Esther Burton as the widow, and certain others as the heirs of Ray E. Burton, an employee of the Atchison, Topeka and Santa Fe Railway Company, the applicant herein, for an award on account of the death of said employee while acting as a guard of the properties of said railway corporation in its railroad yards at San Bernardino, California, on July 27, 1922. The applications for such award were filed before the Commission on August 30, 1922, and on September 25, 1922, the railway corporation answered said applications, admitting that it was the employer of said Burton at the time and place of his death, but specially pleading that at the time and place when and where said Ray E. Burton received the injuries which caused his death he was employed by said corporation in guarding and protecting the railway tracks, buildings, cars, and other equipment of said corporation as a common carrier engaged in interstate commerce, such goods being then and there contained in cars moving in interstate commerce, and in protecting the lives of the other employees of said corporation then and there engaged in interstate commerce, and in making safe and possible the carrying on of interstate commerce by said corporation in the city of San Bernardino, California, and that said corporation, at the time and place when and where said Burton was injured, was engaged in interstate commerce as a common carrier by rail and was employing said Burton in connection therewith in the protection of and the carrying on of said interstate commerce. The matter came on for hearing before the Commission on November 10, 1922, at which hearing it was stipulated that the injuries to said Ray E. Burton arose out of and in the course of his employment and were proximately

caused thereby, and occurred while the said employee was performing services growing out of and incidental to the same. Evidence was also presented showing the circumstances surrounding the injuries to and death of said employee, and also as to the character of the commerce as to being interstate or intrastate or both, in which the said railway corporation was engaged at the time and place of Burton's said injuries, which evidence will be hereafter more particularly adverted to. The matter having been submitted to the Commission upon such stipulation and evidence, the Commission on April 11, 1923, made its findings to the effect that Ray E. Burton, the husband and father, respectively, of the said applicants, on July 27, 1922, at San Bernardino, California, while in the employ of the defendant corporation as a watchman and car inspector, sustained injuries arising out of and in the course of his employment when he was shot by unknown persons, which injuries proximately caused his death; that his said employer was at said time a corporation engaged in interstate commerce by rail, and the deceased employee was engaged as a guard in the yards of said employer at San Bernardino, California, in which was handled indiscriminately both interstate and intrastate commerce, and the duties of said employee were to protect the entire yard, including trackage, buildings, and equipment against violence by striking employees or their sympathizers, and was at the time of his injury and death engaged in such service, and therefore at said time both employer and employee were subject to the provisions of the Federal Employers' Liability Act and not to the jurisdiction of this Commission. It was accordingly ordered that the proceedings should be dismissed.

Thereafter and on May 4, 1923, petitions for rehearing were filed before said Commission by the several applicants for awards. On May 28, 1923, the Commission made an order granting said petitions for rehearing. No further evidence was introduced on such rehearing, but on July 28, 1923, the Commission made its findings and order upon such rehearing wherein it found substantially the same facts as were found by it upon the former hearing, except that the Commission found that ''the employee is not shown to have been directly engaged in facilitating interstate transportation at the time of his death and it is therefore deter-

mined that he was not engaged in interstate commerce at said time so as to come within the provisions of the Federal Employers' Liability Act." The Commission thereupon made its order for an award to the applicants therefor in the total sum of five thousand dollars, which still remains in force and effect and which constitutes the order assailed in this proceeding.

[1]   The circumstances under which Ray E. Burton met his death, as shown by the undisputed evidence before the Commission, were these: On the night upon which he was killed he was engaged in the service of his employer in the capacity of a watchman and guard, as set forth in the findings of the Commission, and was under instructions from his superior to go out into the yards and keep away strikers and not allow them to interfere with trains, but to keep them away from the engines and not permit anyone to put emery in the engines or block the slides. That about ten or fifteen minutes before he was killed Burton left the yard office to go over to track No. 7 to inspect a freight train which was then pulling into the yard on that track from the west and in which train were cars containing interstate shipments; that at the time he was killed, a few moments later a Union Pacific freight train, also containing interstate-bound cars and which was also within the range of his duties while in said yard, was standing on track No. 1 and was to pull out later that evening. The body of Burton was found alongside of this latter train shortly thereafter on the spot where he had been shot and instantly killed. It would seem impossible to arrive at any rational conclusion other than that Burton was killed while engaged in the performance of duties which lay directly within the scope and course of his employment. He was at the place where his instructions directed him to be. He was in immediate proximity to a train which his duties required him to watch and safeguard. There is not a scintilla of evidence to show that he was engaged in any other mission, occupation, or service than that to which his instructions and his duties as a guard and watchman called him. His position in these respects is even stronger than was that of the engineer in the case of *Erie R. R. Co.* v. *Winfield,* 244 U. S. 171 [Ann. Cas. 1918B, 662, 61 L. Ed. 1057, 37 Sup. Ct. Rep. 556, see, also, Rose's U. S. Notes], who, on concluding his work, was crossing some of

the tracks of his employer on the way home when he was injured by one of its trains and who was held by the supreme court of the United States to have been injured in the course of his employment and while engaged in both the interstate and intrastate commerce of his employer. Nor can we find any distinction in principle between the facts of this case and those of the case of *Southern Pac. Co.* v. *Industrial Acc. Com.,* 174 Cal. 8 [L. R. A. 1917E, 262, 161 Pac. 1139], wherein the deceased employee was a crossing gateman or watchman at San Mateo, California, along the line of the Southern Pacific, upon which both interstate and intrastate trains were being operated over the crossing at which said employee met his death. This case is even stronger than that in the respect that in that case the deceased was killed by an intrastate train, notwithstanding which fact this court held that "any work having for its mere object, in whole or in part, the keeping of the tracks in condition for use according to schedule for interstate traffic has such a close and direct relation to interstate transportation as to be practically a part of it, and that such work as deceased was engaged in at the time of his death was work of this character." The court further significantly said: "His [deceased's] situation . . . was the same as it would have been if he had been one of a number of guards stationed along the line of railroad to prevent third persons from removing the rails or unlawfully placing obstructions on the track." In the foregoing case a petition for a writ of *certiorari* to review the foregoing decision of this court was presented to and denied by the supreme court of the United States in the case of *Industrial Acc. Com.* v. *Southern Pac. Co.,* 244 U. S. 653 [61 L. Ed. 1373, 37 Sup. Ct. Rep. 652, see, also, Rose's U. S. Notes]; and has since been followed by that court in the case of *P. & R. Ry. Co.* v. *Di Donato,* 256 U. S. 326 [65 L. Ed. 955, 41 Sup. Ct. Rep. 516], and by this court in the case of *Southern Pac. Co.* v. *Industrial Acc. Com.,* 174 Cal. 16 [161 Pac. 1142]. Upon the questions, both of the nature of the deceased's employment and of the character of commerce in which his employer was at the time of his death engaged, we think the foregoing cases are conclusive as to the jurisdiction and powers of the Industrial Accident Commission in the case

192 Cal.—49

at bar. It follows that the awards should be annulled, and it is so ordered.

Wilbur, C. J., Lawlor, J., Lennon, J., Kerrigan, J., and Seawell, J., concurred.

Rehearing denied.

All the Justices concurred.