# Bauchspies, Appellant, *v.* Central Railroad of New Jersey.

*Negligence—Railroads — Master and servant — Interstate and intrastate commerce—Evidence—Presumption—Burden of proof—Federal Employers' Liability Act of June 2, 1915, P. L. 736.*

1. The fact that a railroad facility, which a railroad employee helps to maintain, is used to further both interstate and intrastate commerce, does not make it presumptively an instrument of intrastate as against interstate commerce; but, on the contrary, the presumption is rather the other way; the burden is on the plaintiff to overcome this presumption before he can recover.

2. This rule applies to a case where an employee is killed while employed at an interlocking electric plant at a crossing, where both kinds of commerce are operated and cannot be split into separate acts.

3. If there is an element of interstate commerce in a traffic or employment, it determines that the remedy of the employee is under the Federal Employers' Liability Act of June 2, 1915, P. L. 736.

Argued November 26, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 287, Jan. T., 1926, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1926, No. 6698, affirming decision of Workmen's Compensation Board, refusing award in case of Alice A. Bauchspies v. Central Railroad Company of New Jersey. Affirmed.

Appeal from decision of Workmen's Compensation Board refusing award. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Ulysses S. Koons,* for appellant.

*Arthur G. Dickson,* for appellee.

PER CURIAM, January 3, 1927 :

Frank O. Bauchspies was employed by defendant railroad company as a maintenance man at one of its interlocking electric plants, located near a point where defendant's tracks crossed at grade those of the Lehigh Valley Railroad Company. It was Bauchspies's duty to take care of the switches and signals at this crossing and of the batteries and other motive power equipment which operated them. While in the course of his employment, Bauchspies fell into the Lehigh River, close to the interlocking plant, and was drowned. Plaintiff, the deceased's widow, filed a claim for compensation under the Pennsylvania Workmen's Compensation Act, but was denied recovery on the ground that her husband's death occurred in the course of employment in interstate commerce, and therefore the state compensation act was inapplicable.

Interstate, as well as intrastate, trains were operated over this crossing regularly by both railroads. The work required by deceased's duties was so closely related to interstate commerce as to be a part of it : Glunt v. Penna. R. R. Co., 249 Pa. 522, 524; Phila. & Reading Ry. Co. v. DiDonato, 256 U. S. 327, 329, 330. The fact that the facility which deceased helped to maintain was used to further both kinds of commerce, would not make it presumptively an instrument of intrastate, as against interstate, transportation ; on the contrary, the presumption is rather the other way : Pedersen v. D., L. & W. R. R. Co., 229 U. S. 146, 152. "If there is an element of interstate commerce in a traffic or employment it determines the remedy of the employee" : P. & R. Ry. Co. v. Polk, 256 U. S. 332, 334.

True, there was no evidence as to just what Bauchspies was doing when he came to his death, but it was shown that his regular employment was of such a nature that, under Phila. & Reading Ry. Co. v. DiDonato, supra,

330, 331, it could not be split into separate acts of interstate and intrastate commerce; this cast on plaintiff the burden of taking the case out of the purview of the Federal Employers' Liability Act and of bringing it within the State Workmen's Compensation Act by proof that the death did not occur in the course of employment in interstate commerce: Scanlon v. Payne, 271 Pa. 391, 394. Plaintiff offered no evidence on this point, and therefore the court below correctly held that she had failed to sustain her claim.

The judgment is affirmed.