## DELAWARE, L. & W. R. CO. v. SCALES.

(Circuit Court of Appeals, Second Circuit. March 7, 1927.)

No. 184.

1. **Appeal and error** ⟨⟩1078(2)—**Jurisdictional question, raised by motion to dismiss, though not argued, must be considered sua sponte by appellate court.**

Question of jurisdiction, raised by defendant's motion to dismiss, made at close of case, though not argued, must be considered sua sponte by Circuit Court of Appeals.

2. **Commerce** ⟨⟩27(5)—**Employers' Liability Act covers only persons engaged in interstate commerce when cause of action arose (Comp. St. §§ 8657–8665).**

Employers' Liability Act (Comp. St. §§ 8657–8665) covers only persons who, at the time when alleged cause of action arose, were engaged in interstate commerce.

3. **Commerce** ⟨⟩27(5)—**Employee, to be injured in interstate commerce, must have been engaged in work so closely connected with interstate transportation as to be practically part thereof (Employers' Liability Act [Comp. St. §§ 8657–8665]).**

Whether employee was injured in interstate commerce, so as to entitle him to recover under Employers' Liability Act (Comp. St. §§ 8657–8665), depends on whether, at time of injury, he was engaged in interstate commerce, or in work so closely connected with interstate transportation as practically to be a part thereof.

4. **Commerce** ⟨⟩27(5)—**Private railroad police officer, employed under state law, held not engaged in "interstate commerce," and injury not compensable under Employers' Liability Act (Comp. St. §§ 8657–8665).**

Private police officer, employed under authority of state law by railroad engaged in both interstate and intrastate commerce, and whose function it is to arrest offenders against any lawful authority, state or national, but having nothing to do with transportation, *held* not engaged in interstate commerce, so as to be entitled to recover for injury under *Employers' Liability Act* (Comp. St. §§ 8657–8665), notwithstanding at time of injury he was investigating theft of property which had been moving in interstate commerce.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

5. **Evidence** ⟨⟩20(2)—**Court takes notice that private railroad policemen are creatures of state law exclusively.**

Court takes notice that private railroad policemen are creatures of state law exclusively, and that their police function is to arrest, under state law, offenders against any lawful authority, state or national.

In Error to the District Court of the United States for the Northern District of New York.

Action by George O. Scales against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded without prejudice.

Scales was a "railroad" or private policeman in the employ of plaintiff in error. One Caffrey was Scales' superior officer in the same police service. These two men jointly owned a motorcar, which, however, was registered under the law of New York (in which state both lived) in the name of Scales, who

knew how to drive; Caffrey was learning so to do, apparently under Scales' instruction.

In October, 1925, Caffrey and Scales being in Binghamton, N. Y., went as policemen to Owego to look into an alleged theft of property while on plaintiff in error's railroad, and en route from Massachusetts to Michigan. As railroad officials they could have gone without expense on the trains of their employer; they, however, preferred their own car, and used it for the trip, apparently expecting to charge the railroad with the cost of gasoline and oil. There is no proof that any officer of the railroad approved either this use of the motorcar or payment for fuel, etc.

The two men went to Owego, apparently completed their inquiries, and while returning to Binghamton Caffrey drove, and by his incompetence the car ran into and across a ditch, causing a sudden stoppage that threw Scales against the dashboard, injuring his leg. The car was gotten back on the road, and the men completed their return trip in it. Scales brought this action against his employer, counting solely on the federal Employers' Liability Act, and averring that he had been injured while engaged in tracing goods lost while in interstate transit, and while under the orders of Caffrey, his "immediate superior officer," and by the negligence and carelessness of Caffrey, the railroad's "agent, servant, and employee."

Over defendant's motion to dismiss at the close of the case, the court sent the case to the jury to ascertain (inter alia) whether the accident happened "in the course of the business of defendant's agents and in the scope of their employment," and whether Scales "assumed the risk," semble of Caffrey's incompetence. The jury found a general verdict for plaintiff below, and the railroad company took this writ.

Halsey Sayles and Stanchfield, Collin, Lovell & Sayles, all of Elmira, N. Y., for plaintiff in error.

Arthur J. Ruland, of Binghamton, N. Y., for defendant in error.

Before HOUGH, MANTON, and SWAN, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] A point arises, not argued at bar, but raised by the motion to dismiss, and which, being of jurisdiction, this court is bound to consider sua sponte. It is whether this action can be sustained under the federal Employers' Liability Act?

[2] An examination of the complaint shows that, whatever may be the fate of another and different action, this one must rest on the statute; it claims no other support. And an examination of the statute and its history most conclusively shows that it covers and can cover only persons who at the time of alleged action arising were engaged in interstate commerce. Naturally, therefore, much of the litigation arising under the statute has been around the question: Was the plaintiff engaged in interstate commerce at the necessary time and place?

[3] This inevitable and vital question the Supreme Court has never endeavored to answer in general terms; it has here, as in so many other instances, pursued its well-known line of judicial inclusion and exclusion of particular cases. Each case is made to stand on its own bottom, by asking the question whether, at the time of injury, the employee was engaged in work so closely connected with interstate transportation as practically to be part of it? If the answer in any particular set of facts is "Yes," then the act covers that employee's case. Southern, etc., Co. v. Industrial, 251 U. S. 259, 40 S. Ct. 130, 64 L. Ed. 258, 10 A. L. R. 1181; Erie Railroad v. Collins, 253 U. S. 77, 40 S. Ct. 450, 64 L. Ed. 790, affirming (C. C. A.) 259 F. 172.

This method of ascertaining jurisdiction renders particular cases of rather small value, for almost no set of circumstances is exactly like the next phenomenon. Yet comparisons cannot be avoided. Thus one shoveling snow between platform and track, at a station where interstate traffic is passing, is within the statute (New York Central v. Porter, 249 U. S. 168, 39 S. Ct. 188, 63 L. Ed. 536), and so is a watchman on a pier used solely for interstate commerce (D., L. & W. v. Busse [C. C. A.] 263 F. 516); also the cook on a camp car, which was required to furnish workmen bed and board while working on an interstate railway (Philadelphia, etc., Co. v. Smith, 250 U. S. 101, 39 S. Ct. 396, 63 L. Ed. 869). And see, further, Reap v. Hines (C. C. A.) 273 F. 88.

On the other hand, a machinist's helper, though working on engines employed in interstate traffic, is not within the statute (Minneapolis, etc., Co. v. Winters, 242 U. S. 353, 37 S. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54); nor is a night watchman, who guarded tools, etc., used in the erection of a building useful for expected interstate business (New York Central v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629); nor was one who cleaned stencils for marking interstate cars

(Illinois, etc., Co. v. Rogers [C. C. A.] 221 F. 52). It may be observed that, if the occupation be one that responds favorably to the crucial question above noted, the employee is regarded as so employed eundo, morando, et redeundo, within fairly wide bounds of reason. Erie R. R. v. Winfield, 244 U. S. 170, 37 S. Ct. 556, 61 L. Ed. 1057, Ann. Cas. 1918B, 662; Dennison v. Payne (C. C. A.) 293 F. 333.

[4] Applying these decisions to the matter in hand, it may be inferred that, if Scales and Caffrey were engaged at Owego in work "so closely connected with interstate transportation as practically to be part of it," they would still be therewith connected in going to and returning from that town; but the question remains: Is the business of being a policeman for a railway engaged in both kinds of commerce an (so to speak) interstate occupation? And, further, did it make any difference that that which had been supposedly stolen at Owego was in transit from one state to another? The answers to these queries, so far as reported decisions go, are matters for reasoning and inference, and in our judgment that method leads to a rejection of the complaint.

[5] We take notice of the fact that what are called railway policemen are creatures of state law. There is nothing in federal statutes creating them, or giving them authority, allying them officially to interstate commerce. Their police function is to arrest, pursuant to state law, offenders against any lawful authority, state or national. But evidently they have nothing to do with transportation of any kind. A guard upon a car traveling between states would be in a different position.

Nor did the fact that the goods missing disappeared while in interstate transit vary this truth. As policemen, all that called Scales and Caffrey into action was not transportation, but the cessation thereof. Nor did it make any difference that, assuming the goods were stolen as suspected, the theft was under existing statutes an offense against both state and national laws; for the duties and powers of the railway police were neither modified nor enlarged by the sanctions attached to the offense. In short, the occupation of Scales and Caffrey on the day in question would have been exactly what it was, had they been peace officers of the appropriate county or city, instead of policemen employed by a private corporation.

Judgment reversed, without costs, and case remanded, without prejudice to any further proceedings by amendment or new action, provided no reliance be placed upon the federal Employers' Liability Act (Comp. St. §§ 8657–8665).