Dunkell Estate *v.* Penna. R. R. Co., Appellant.

Argued October 10, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNING-HAM, BALDRIGE and PARKER, JJ.

*Philip Price,* and with him *Joseph A. DeLacy* of *Barnes, Biddle & Myers,* for appellant.

*John Patrick Walsh,* for appellee.

Opinion by Gawthrop, J., November 21, 1932:

Defendant is a common carrier by railroad engaged in the interstate and intrastate transportation of passengers and freight. Claimant was employed by it as a conductor of a shifting crew. He was on duty in defendant's Ontario Street freight yard in Philadelphia when he was injured. In the course of his work he handled cars engaged in both interstate and intrastate transportation. A car loaded with lumber, consigned to the Kline Stove Company, arrived at the yard on September 22, 1930. It was delivered to the consignee's private siding on September 23, 1930, at 9:15 A. M. and was wholly unloaded at 5:15 P. M. on that day. On September 22, 1930, another car, loaded with steel and consigned to the Kline Stove Company from West Virginia arrived in the yard. This car was also to be put on consignee's private siding. In proceeding to place this car there claimant found the above mentioned empty lumber car on the siding. While walking toward it in order to determine whether or not it was unloaded and could be removed before placing the car of steel on the siding, he sustained an accidental injury. He filed a claim for compensation under the state law. The referee and the Workmen's

Compensation Board awarded compensation. The court below sustained the award made by the board and held that claimant was engaged in intrastate transportation at the time he sustained the injury. Defendant appeals.

The judgment must be reversed. The question is whether claimant was engaged in interstate or intrastate transportation at the time he was injured. The question is a federal one, and the decisions of the Supreme Court of the United States are controlling: Mayers v. Union R. R. Co., 256 Pa. 474. It is also a question of law: P. & R. Rwy. Co. v. Hancock, 253 U. S. 284; and Martini v. Director General, 77 Pa. Superior Ct. 529. In Ry. Co. v. Polk, 256 U. S. 332, the court said: "It is to be remembered that it is the declaration of the cases that if there is an element of interstate commerce in a traffic or employment it determines the remedy of the employee." The test for determining whether an employee at the time of his injury is engaged in interstate transportation is set forth by the Supreme Court of the United States in the following recent cases: Chicago & E. Ill. R. Co. v. Ind. Com., 284 U. S. 296, 76 L. ed. 204; N. Y., N. H. & H. R. Co. v. Bezue, 284 U. S. 415, 76 L. ed. 258; and C. & N. W. R. R. Co. v. Bolle, 284 U. S. 74, 76 L. ed. 90. The question is, "was the employee at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it?" It is not disputed that claimant's duties required him to place the loaded interstate shipment of steel on the Kline Stove Company siding, and that he had brought the car from defendant's yard for the purpose of placing it there. There can be no question that the car of steel was still in interstate transportation at the time claimant was injured. It had not been placed on the siding to which it was consigned. Temporary interruptions of interstate transportation did not

change the character of the commerce involved: R. R. Com. v. Texas & Pacific Ry. Co., 229 U. S. 336; Great Northern Ry. Co. v. Otos, 239 U. S. 349; McNeill v. Southern Ry. Co., 202 U. S. 543. In St. Louis, etc. Ry. Co. v. Seale, 229 U. S. 156, the court said that taking cars "to the appropriate siding for making up outgoing trains, or for unloading or delivering freight . . . . . . was as much a part of the interstate transportation as was the movement across the state line."

In the case before us one of the purposes for which the movement of the empty car was contemplated was to permit the interstate car to reach its final destination. The wheels of the interstate car were yet in motion in interstate transportation. The act of moving the empty car from the siding was incidental to, and so closely connected with, the interstate transportation of the other car as to be "practically a part of it." Shanks v. D. L. & W. Ry. Co., 239 U. S. 556, 60 L. ed. 436. The court below said: "The removal of the empty car . . . . . . served a local purpose in withdrawing the local car from the premises of the consignee after the completion of full delivery of the lumber load. It happened to help the disposition of an interstate load. But the fact is, both jobs had to be done. It is not a correct statement of the facts to yoke the movements of the cars in one phrase by saying the claimant was engaged in delivering an interstate car and moving an empty one. These acts were successive, not joint. When he was hauling the interstate car his work was interstate. When he was hauling out the empty charactless car he was not doing interstate work simply because the moving of the empty car gave a clear road to the interstate car . . . . . . While the claimant was doing one of his tasks he was engaged in interstate commerce. While he was doing the other he was engaged in local commerce. And it was while he was doing the latter work that he was injured. This we

think labels his work intrastate transportation." This conclusion is not supported by the federal decisions above cited, nor those of our Supreme Court. "Where intra and interstate acts are mingled, or at times alternate, there is no separation. The interstate feature predominates and by it the questioned act must be judged. ......Employment follows interstate transportation and begins when the workman, on a carrier's premises, makes a forward move to serve in that traffic or employment and ends only after he has completely disassociated himself therefrom": Patterson v. P. R. R. Co., 284 Pa. 577; Koons v. P. & R. R. R. Co., 271 Pa. 468. If there is an element of interstate transportation in an employment it determines the remedy of the employee: Bauchspies v. C. R. R. of New Jersey, 287 Pa. 590. The contention made in behalf of claimant that he was engaged in a mere local shifting operation when he was injured cannot be adopted. All of the cases cited in his behalf have been examined with care, but we find that none of them rules this case in his favor. Particular reliance is placed on Murray v. Pgh. C. C. & St. Louis R. R. Co., 263 Pa. 398, as compelling the conclusion that claimant was engaged in a merely local shifting operation unconnected with interstate commerce. The case does not support appellant's contention and is clearly distinguishable from his case on its facts. As pointed out in that opinion, "the switching operation was not shown to be incidental to, or made for the purpose of delivering, interstate freight; nor was the crew at the time engaged mainly in the operation of an interstate train." It was held that the case was without sufficient proof that the switching operation in which plaintiff was engaged at the time of his injury was "for the purpose of the delivery of an interstate shipment, as distinguished from a mere local switching operation." Here, claimant was engaged in the act of delivering interstate freight; that was the main pur-

pose of the operation; he was doing an act in further-
ance of the interstate business 'of his employer. We
must conclude, therefore, that he was injured while he
was "engaged in interstate transportation, or in work
so closely related to it as to be practically a part of it."

The judgment is reversed and the record is remitted
to the court below for further proceedings not incon-
sistent with this opinion.

DISSENTING OPINION BY KELLER, J., Nov. 21, 1932:

I would agree with the opinion of the majority of
the court, if it had been necessary to remove the empty
lumber car (the intrastate car) from the siding in
order to put the loaded steel car (the interstate car)
on it, but it was not; there was room on the siding for
both of them. Claimant's orders were "to take out
an empty car and place a loaded car on the siding,"
but the order to move the empty car was not dependent
on the placing of the loaded car, except that it could
not be done after the loaded car was placed on the
siding.

To prevent the incurring of delay charges it was
in the line of claimant's duty to remove cars from
sidings after they were unloaded and put them back
into the yard for use again. This duty was intra-
state transportation. It was while he was engaged on
this work that the claimant was hurt. No element of
interstate transportation was involved in it. The fact
that just before he began his work of taking out the
empty car he had been engaged in shifting the loaded
steel car, and would continue it after the empty car
was out, did not make them parts of one movement in
interstate transportation, nor render the taking out
of the empty car merely incidental to the delivery of
the loaded car on the siding, or so closely related to
it as to be practically a part of it.

I think President Judge FINLETTER correctly ap-
plied the law to the facts in the case.