151 So. 347

### NICHOLS v. ST. LOUIS & S. F. R. CO.

### 6 Div. 257.

Supreme Court of Alabama.
Oct. 26, 1933.

Rehearing Withdrawn Dec. 14, 1933.

G. C. Boner, of Birmingham, for appellant.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellee.

### PER CURIAM.

The trial court correctly concluded, from the facts found, that petitioner, at the time of his injury, was engaged in interstate commerce.

The following is from 2 Roberts Federal Liabilities of Carriers (2d Ed.) § 754: "The actual policing of trains, to the end that passengers shall not be molested or property in transit damaged or stolen was and still is a function of the trainmen, and a part of the act of carriage. It is none the less so when the multiplication of a carrier's responsibilities induces it to supplement this watchfulness of the train crew by placing on trains and in yards men whose sole duty it is to discharge this police duty. Hence, men so employed are definitely participating in the movement of traffic, and if such traffic is interstate in character, they are under the Federal Employers' Liability Act. The same is true as to a watchman guarding an interstate car or a car containing interstate shipments standing in the yards awaiting further movements, or one guarding interstate shipments which are awaiting loading, or are being held, after unloading, for delivery to the consignee. However, it must be made to appear that the watchman or police officer was actually protecting interstate traffic at the time of his injury, and not discharging some duty dissociated from interstate transportation."

The decisions cited in the notes fully sustain the text. Some of the state cases may be noted: Atchison, etc., Ry. Co. v. Indus-

trial Commission, 192 Cal. 765, 220 P. 342; Smith v. Industrial Acc. Commission, 26 Cal. App. 560, 147 P. 600; Ft. Worth & D. C. Ry. Co. v. Goodfellow (Tex. Civ. App.) 280 S. W. 619; Fitzgerald v. Great Northern Ry. Co., 157 Minn. 412, 196 N. W. 657; Wheelock v. Industrial Commission, 318 Ill. 537, 149 N. E. 514; Michigan Central R. R. Co. v. Industrial Commission, 321 Ill. 620, 152 N. E. 594; Cork v. Lehigh Valley R. R. Co., 98 N. J. Law, 143, 119 A. 88; Dade v. New York Central R. R. Co., 210 App. Div. 508, 206 N. Y. S. 519; O'Brien v. Penn. R. R., 187 App. Div. 839, 176 N. Y. S. 390.

And in Missouri Pacific R. R. Co. v. David, Adm'x, 284 U. S. 460, 52 S. Ct. 242, 76 L. Ed. 399, the Supreme Court assumed, without discussion, such to be the rule.

There the employee David was engaged in guarding interstate freight shipments from robbery and theft, and met his death while so engaged. The suit was under the Federal Employers' Liability Act (45 USCA §§ 51–59). That it was correctly brought under said federal act was not questioned, and the case was considered and determined by the court upon the merits, with the conclusion that no recovery could be had upon the application of the doctrine of assumption of risk. As to whether the work of David was related to interstate commerce, and therefore within the federal statute, was of course at the threshold of the case, and its consideration upon the merits is sufficient to disclose that the court merely, and as a matter of course, assumed that it was so related.

Other federal cases bearing close analogy are: Philadelphia, B. & W. R. Co. v. Smith, 250 U. S. 101, 39 S. Ct. 396, 63 L. Ed. 869, where it was held a cook on a camp car, furnishing workmen bed and board while working on an interstate railway, was engaged in interstate commerce; St. L. S. F. & T. Ry. Co. v. Seale, 229 U. S. 156, 33 S. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156, where a yard clerk, whose duty it was to take the number of and seal up and label cars, some of which were engaged in interstate and some in intrastate traffic, was held to be directly engaged in interstate commerce; Delaware, L. & W. R. Co. v. Busse (C. C. A. ) 263 F. 516, where the holding was that a watchman on a pier used solely for interstate commerce was engaged in such commerce.

And this court in Southern Ry. Co. v. Brown, 223 Ala. 140, 134 So. 643, likewise, under similar facts, assumed that such work was so directly related to interstate commerce, and treated the case upon its merits, and carefully reviewed the facts to show that all interstate commerce had entirely ceased at the time the employee was killed. Of course, had the nature of his work excluded any relationship to interstate commerce, there would have been no occasion for such a careful consideration upon the merits.

We think these authorities are supported by sound reasoning. One of the tests as to whether or not an employee at the time of his injury was engaged in interstate commerce is stated in Pedersen v. D., L. & W. R. R. Co., 229 U. S. 146, 33 S. Ct. 648, 649, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, as follows: "Was its performance a matter of indifference so far as that commerce was concerned, or was it in the nature of a duty resting upon the carrier?" Taking this as a test in the instant case, it is clear that protection of freight on an interstate train from theft or robbery is not a matter of indifference so far as that commerce is concerned. The movement of the train is for one purpose only, the transportation of the freight thereon. The delivery of the freight to the consignee is the main objective, and therefore the protection of such freight from robbery and theft, in order that it may be safely delivered, is of supreme importance, and a duty resting upon the carrier.

Counsel for petitioner cited Southern Ry. Co. v. Varnell, 222 Ala. 237, 131 So. 803, 804, as opposed. But the decision itself is entirely sound upon the theory that, conceding an engagement in interstate commerce, at the time of the injury, the "interstate relationship had terminated," and the facts of that case fully support this conclusion. True, in the discussion of the case from a different angle, the learned writer did use language which tends to support petitioner's insistence, but, as the case was correctly decided without regard to this discussion, these expressions are to be considered as without binding effect, Realty Investment Co. v. City of Mobile, 181 Ala. 184, 61 So. 248, and upon this phase of the discussion the opinion cites the cases of Delaware, L. & W. R. R. Co. v. Scales (C. C. A.) 18 F.(2d) 73, 74, and Feaster v. So. Ry. Co. (C. C. A.) 15 F.(2d) 540, as in support thereof, but a reading of these authorities is persuasive this is a mistaken view.

In the Scales Case, supra, the policemen had merely gone on a trip in their own automobile "to look into an alleged theft of property," which had been lost while in interstate transit, and suffered injuries while on the way back after completing their inquiries. Manifestly, they were not engaged in interstate commerce, as the goods had already been lost, and they were merely making an investigation of a past occurrence. Any connection therefore with interstate commerce under these circumstances was entirely too remote. The meaning of the opinion may well be gathered from a single sentence, as follows: "As policemen, all that called Scales and Caffrey into action was not *transportation*, but the *cessation* thereof." (Italics supplied.) There is nothing said in the opinion indicating that one must actually contribute

to the movement of the train in order to be engaged in interstate commerce. Indeed, the opinion discloses the contrary, as it cites and comments upon, approvingly, D., L. & W. R. R. Co. v. Busse (C. C. A.) 263 F. 516, where the holding was that a watchman on a pier used solely for interstate commerce was engaged therein, and, also, Philadelphia, B. & W. R. Co. v. Smith, 250 U. S. 101, 39 S. Ct. 396, 63 L. Ed. 869, where it was held a cook on a camp car, which was required to furnish workmen bed and board while working on an interstate railway, was likewise so engaged.

The Scales Case, supra, is authority for the actual decision in the Varnell Case, supra, that is, that any interstate relationship had terminated, and was therefore to be disregarded, but we are unable to find any expression lending support to the other theory therein discussed.

The Feaster Case, supra, merely concerned a deputy sheriff on duty in the yards of the railway wherein trains moving in interstate commerce passed through or halted, and in which there were repair shops where rolling stock used in such commerce was repaired. The case was on demurrer to the complaint, and disclosed little as to the manner in which or by whom Feaster was killed. There is nothing indicating that at the time he was performing any service in relation to interstate commerce, and the mere fact that he was a guard in the yard would not suffice for that purpose, as it is of course the rule that such relationship must be determined by the question as to whether or not the employee was at the time of the injury engaged in interstate commerce. D., L. & W. R. Co. v. Scales, supra, and Philadelphia, B. & W. R. R. Co. v. Smith, supra.

If in the Varnell Case, supra, the denial of the writ of certiorari by the United States Supreme Court (283 U. S. 852, 51 S. Ct. 561, 75 L. Ed. 1460) is to be given any significance at all, i., may clearly be said to rest upon the fact that the case disclosed no interstate relationship at the time of the injury, just as was said in that opinion, and that alone sufficed for the purpose of a denial of the writ. In that respect the case was clear, and the Supreme Court would therefore be entirely indifferent to any other theory or further treatment of the case by the court.

This may present a hard case, but, as frequently expressed, "hardships make shipwrecks of the law." While the courts may be in entire accord with the humane spirit of our Compensation Statute, yet, as often expressed, we cannot extend it beyond its legitimate scope. Birmingham Post Co. v. Sturgeon (Ala. Sup.) 149 So. 74.[1] If the work was of interstate character, the federal statute is supreme, and must control. Southern Railway Co. v. Brown, supra.

The judgment of the trial court was in accord with these views, and is fully sustained by the authorities generally. It will accordingly be here affirmed.

Affirmed.

GARDNER, THOMAS, BOULDIN, and KNIGHT, JJ., concur.

ANDERSON, C. J., and BROWN and FOSTER, JJ. (dissenting).

Petitioner in this case was employed to perform police duty for a carrier engaged in both interstate and intrastate commerce, and was assigned to watch a certain interstate train of the carrier at a certain place where it was due to stop and to wait for the line to open for its passage, and where the cars had been previously burglarized. He performed that duty, and, while watching the train, saw one break into a car and return, and as he sought to arrest him was shot from ambush and lost his left eye.

He was not concerned with making up or operating the train in the sense of aiding its formation or movements, or giving signals, or furnishing or aiding in furnishing anything useful for its movements, or in mending machinery for it or the track over which it moved. This court has held that under such circumstances one was not then employed in interstate commerce, but that both he and his employer were governed by the Workmen's Compensation Law of Alabama (Code 1923, § 7534 et seq.). Southern Ry. Co. v. Varnell, 222 Ala. 237, 131 So. 803. Petition to the United States Supreme Court for review by certiorari was denied by that court (283 U. S. 852, 51 S. Ct. 561, 75 L. Ed. 1460).

In taking that position it was shown that the United States Supreme Court had not in that particular interpreted the Federal Employers' Liability Act (45 USCA §§ 51–59). It observed that, while some state courts had asserted a contrary position, it was thought that the tendency of the federal courts supported this construction of the act as manifested in Delaware, L. & W. R. R. Co. v. Scales (C. C. A.) 18 F.(2d) 73, and Feaster v. Southern Ry. Co. (C. C. A.) 15 F.(2d) 540.

There are other authorities which take a different view. 2 Roberts Fed. Liabilities of Carriers (2d. Ed.) § 754; Atchison, etc., Ry. Co. v. Industrial Commission, 192 Cal. 765, 220 P. 342; Smith v. Industrial Commission, 26 Cal. App. 560, 147 P. 600; Ft. Worth & D. C. Ry. Co. v. Goodfellow (Tex. Civ. App.) 280 S. W. 619.

While there are differences between the instant case and the Varnell Case, supra, which are probably sufficient to exempt it from the force of the second principle which was there applied, we do not think it can be differentiated from that which we have stated, to the effect that petitioner was not then engaged in interstate commerce. Since this

[1] Ante, p. 162.

court has deliberately taken that position, we think it should be maintained until a different rule is made applicable by the United States Supreme Court, especially since that court declined to review it.

Upon its authority, we think the judgment of the circuit court should be reversed, and the cause remanded so that compensation may be awarded pursuant to our statute.