141 So.2d 202

**CITY OF JASPER**

v.

*Fannie SHERER.*

**6 Div. 499.**

Supreme Court of Alabama.

May 10, 1962.

Tweedy & Beech, Jasper, for appellant.

Selman & Beaird and Wiggins & Wiggins, Jasper, for appellee.

GOODWYN, Justice.

This is a workmen's compensation case (Code 1940, Tit. 26, § 253 et seq., as

amended) brought here by certiorari on petition of the defendant below (City of Jasper) to review a judgment of the circuit court of Walker County awarding compensation to plaintiff-appellee, as the widow of a deceased employee of defendant City.

As to the cause of employee's death, the trial court made the following factual findings, as required by § 304, Tit. 26, viz.:

"4. That the decedent had suffered from a heart condition for a number of years prior to his death, and that this fact was known to the agents, servants and employees of the defendant, including the City Manager and the City Street Commissioner.

"5. On the day prior to his death, the decedent while engaged in his duties as street foreman for the City of Jasper, became involved in a heated argument with one Frank Lester, relative to the removal of a pole at the corner of the intersection of Fourth Avenue and 19th Street in the City of Jasper. The said Frank Lester was an employee of the City of Jasper in charge of the Traffic Department of said city and also a police officer, at the time of the controversy. The court finds from the evidence that the decedent was of the opinion said pole should be moved in order to do the necessary street repair and that he so stated to the said Frank Lester; that Frank Lester directed the decedent not to move the pole and that he would not permit said pole to be moved.

"6. On the morning of February 26, 1957, the day following the controversy, the decedent together with a crew of men was preparing to move the pole and was directing the drilling of certain portions of the pavement in connection with his duties; that while he was performing his duty as said street foreman in preparing to move the pole, he was approached by Frank Lester in a city automobile or truck, and when the said Frank Lester was approximately 150 to 200 feet from the decedent, the decedent saw the said Frank Lester and was seized with a heart attack and fell to the ground and as a result of said heart attack the decedent died.

"7. The Court finds that said heart attack or seizure was caused by emotional strain, worry, nervousness or excitement which was brought on by the appearance of Frank Lester on the scene where the decedent was preparing to move the pole in controversy. The Court further finds that the injury which caused the death of the decedent was caused by an accident arising out of and in the course of his employment."

There can be no award of compensation unless an employee's injury or death is "caused * * * by an accident arising out of and in the course of his employment." Section 253, Tit. 26, Code 1940. The term "accident" is defined by amended § 262(i), Tit. 26, as meaning "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body by accidental means." So, the first question presented, the answer to which is decisive of this appeal, is whether the facts as found by the trial court (assuming them to be supported by the evidence) show that the employee's death was caused by an "accident." Our conclusion is that it was not, making it unnecessary to decide whether the heart attack was an "injury to the physical structure of the body."

Upon this record, our view is that the argument between these two city employees cannot be regarded as involving or inducing any greater emotional or nervous strain or tension than the many verbal differences to which nearly all workers are at times subjected in the nor-

mal course of their work. To hold that the employee's death, under the circumstances of this case, was the result of an "accident", as that term is used in the Workmen's Compensation Law, would be stretching the legislative intent beyond the breaking point. Assuming that Mr. Sherer, the deceased employee, saw Mr. Lester, his fellow employee, approaching him at a distance of approximately 150 to 200 feet away, we just simply are unable to agree that this was such "an unexpected or unforeseen event, happening suddenly and violently," as to constitute an "accident."

 While the Workmen's Compensation Act should be liberally construed to accomplish its beneficent purposes (Benson-Jackson-Mathers Post No. 5106 v. Donaldson, 267 Ala. 60, 97 So.2d 688; Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728), it should not be given a construction extending it beyond its legitimate scope (United States Steel Corporation v. Baker, 266 Ala. 538, 97 So.2d 899), nor one which the language of the Act does not fairly and reasonably support.

To sustain the award in this case would require a strained construction of the Act. We find no language in it which would fairly and reasonably support an award of compensation in this case. The propriety of extending the law to cover cases of this character, and the consequences of failure to do so, are matters for consideration by the legislature. There is no warrant for us to add coverage under it which is not there.

The following apt statement is from Nichols v. St. Louis & S. F. R. Co., 227 Ala. 592, 594, 151 So. 347, 349, 90 A.L.R. 842:

"This may present a hard case, but, as frequently expressed, 'hardships make shipwrecks of the law.' While the courts may be in entire accord with the humane spirit of our Compensation Statute, yet, as often expressed, we cannot extend it beyond its legitimate scope. * * *"

Reversed and remanded.

SIMPSON, MERRILL and COLEMAN, JJ., concur.